State *ex rel.* WALDEN F. ROUSH

*v.*

BOARD OF EDUCATION OF COUNTY OF MASON *et al.*

(No. 9710)

Submitted September 25, 1945. Decided November 13, 1945.

*Scott & Ducker* and *F. G. Musgrave,* for plaintiff in error.

*William H. Rardin,* Prosecuting Attorney of Mason County, and *Charles M. Love, Jr.,* for defendants in error.

KENNA, JUDGE:

This writ of error was granted on the petition of the State as the relation of Walden F. Roush to an order of the Circuit Court of Mason County sustaining a demurrer to and dismissing the petition of the relator, plaintiff in error, in a mandamus proceeding against the Board of Education of that county. The question to be decided is whether the Circuit Court erred in sustaining the demurrer to the relator's petition.

The material allegations of the petition are that on the 5th day of July, 1943, the Board of Education of Mason County, Russell Starkey casting the deciding vote, elected Walden F. Roush County Superintendent of Schools for a term of two years; that he properly performed the functions of County Superintendent from the time of his election until January 3, 1944, when he was wrongfully removed from office by the Board of Education as then constituted and a successor chosen who, over the protest of the petitioner, immediately took possession of the office in question; and that the pretended reason of the Board of Education for so doing was that this Court in a mandamus proceeding instituted in September, 1943, had held that Russell Starkey, who cast the deciding vote in making Roush County Superintendent, had not been lawfully elected as a member of the Board of Education and that therefore a vacancy existed on said Board which, under Code, 18-5-2, would be forthwith filled by the Board of Education or, if not, by appointment by the State Superintendent of Schools.

The petition alleges that the Board of Education failed to fill the vacancy and that the State Superintendent of Schools therefore appointed M. R. Chapman. The petition takes the position that Russell Starkey was a *de facto* member of the Board of Education when that Board on July 5, 1943, employed Roush as County Superintendent for the term of two years, and that consequently Roush should be restored to the office from which he was ousted on January 3, 1944, and that the peremptory writ in mandamus to which he is entitled should also instruct the Board to pay him the emoluments of the office during the period that they have been unlawfully withheld from him.

The relator, plaintiff in error, argues that the prayer of his petition should be sustained by virtue of the provision of Code, 6-5-3, which he says validates the act of a *de facto* officer and therefore makes his election on the 5th day of July, 1943, binding on the Board of Education in spite of this Court's holding in *State ex rel. Scanes* v. *Babb*, 124 W. Va. 428, 20 S. E. 2d 683. The statute relied upon by the relator is only declaratory of a well recognized general principle having to do with the acts of *de facto* officers and does not have the effect of expanding that principle. See the second point in the syllabus in *Osburn* v. *Staley*, 5 W. Va. 85. This general principle was considered and passed upon by this Court in *State ex rel. Scanes* v. *Babb*, 124 W. Va. 428, 20 S. E. 2d 683, the first syllabus of which reads as follows: "A public officer appointed by a public body, the membership of which includes a de facto member, whose vote is necessary to make the appointment, is not a de jure officer." Since in *State ex rel. Fremont Miller et al.* v. *The Board of Education of Mason County*, 126 W. Va. 243, 27 S. E. 2d 599, we held that Russell Starkey was not elected a member of the Board of Education in the general election of 1942, it necessarily follows that his conduct on that Board since the 1st of July, 1943, was that of a *de facto* member and since upon the election of Roush the other members of the Board were equally di-

vided and Starkey's vote was admittedly decisive, the case falls plainly within the rule laid down in the *Scanes* case.

We recognize that the principles being dealt with here, as in the *Scanes* case, are of importance and that the decided cases dealing with them are not in accord. In *Von Nieda* v. *Bennett*, 117 N. J. L. 231, 187 A. 629, 106 A. L. R. 1320, relied upon in the *Scanes* case; the New Jersey Court of Errors and Appeals by a divided court expressly overruled *Brinkerhoff* v. *Jersey City*, 64 N. J. L. 225, 46 A. 170. The *Von Nieda* opinion is a rather full discussion of the rule that the acts of a *de facto* officer as to the general public and third persons are deemed binding on the basis of public necessity, while the annotation following in 106 A. L. R. 1324 deals with whether persons appointed by *de facto* officers are to be treated as third persons within the rule. We believe that the better rule is that those claiming title to office conferred by a *de facto* officer, or by an organization of which he acted as an essential part, should not be regarded as third persons when their right to hold the office is directly questioned. We believe that their status should be held to be interrelated with that of the unit conferring the office so that they are charged with knowledge of the defect in their title thereto. We know that this principle, theoretically, may occasionally result in injustice and in the temporary disruption of organizations, but as compared with the otherwise temptation to wrongfully get and illegitimately retain office, we prefer it.

This record shows by stipulation that Roush, after the final order of the Circuit Court and before this writ of error was granted, was employed by the Board of Education of Mason County as County Superintendent and that he resigned in December, 1943. The respondents now submit that the question for decision has thus become moot and insist upon final submission that the case should be dismissed. We think the matter should be considered here on its merits because, while Roush has

again occupied the office in question he has not done so by virtue of the action of the Board on July 5, 1943, and we are of the opinion that he has the right to have that question decided, it having been properly raised at the institution of this proceeding and his right to the salary for the period that followed being dependent upon that determination. That, we believe, prevents the question for decision from becoming purely abstract, although a petition in mandamus for a simple money demand alone could not be entertained.

The order of the Circuit Court of Mason County is affirmed.

*Affirmed.*