I. BROOKS SMITH

*v.*

HARRY SIDERS, BILL WITHERS, THEODORE STEVENS, CHARLES ESHENAUR *and* RAY FIELDS, AS THE MASON COUNTY BOARD OF EDUCATION, *and* MICHAEL WHALEN

(No. 13107)

Submitted September 2, 1971. Decided September 21, 1971.

194

*Billheimer & Losch, Larry E. Losch,* for relator.

*Greene, Ketchum & Baker, Edward H. Greene,* for respondents.

CALHOUN, JUDGE:

In this mandamus proceeding instituted in this Court, I. Brooks Smith, as the petitioner, seeks to require the respondents, Harry Siders, Bill Withers, Theodore Stevens, Charles Eshenaur and Ray Fields, as the Mason County Board of Education, and Michael Whalen, Acting Superintendent of Schools of Mason County, to comply with an order of Daniel B. Taylor, State Superintendent of Schools of West Virginia, which directed the respondents to reinstate the petitioner as Superintendent of Schools of Mason County; to restore his salary for the period beginning April 27, 1971; to dismiss Michael Whalen as Acting Superintendent of Schools of Mason County; and to dismiss the ten charges brought against the petitioner on April 13, 1971.

This case was submitted for decision upon the mandamus petition, an answer and demurrer to the petition and upon briefs and oral argument of counsel.

No material issue of fact is prepared for decision. The primary question presented for decision by the pleadings, briefs and oral arguments is whether a county superintendent of schools, when removed from office by a county

board of education for reasons of incompetency, immorality, intemperance, insurbordination or willful neglect of duty, has the right to appeal the decision of removal to the State Superintendent of Schools pursuant to the provisions of Code, 1931, 18A-2-8, as amended, where the vote for removal was not unanimous.

This case involves the second of two separate proceedings for removal of the petitioner from his position as Superintendent of Schools of Mason County. In the first proceeding, the Board of Education of Mason County, on January 23, 1971, by a vote of "four to one", served twenty-two charges upon the petitioner for the purpose of removing him as Superintendent of Schools of Mason County. A hearing was held by the board on February 20, 1971, at which time the petitioner was suspended from his official position without having been given an opportunity to be heard in relation to the charges.

By an order entered on March 23, 1971, this Court directed that the petitioner be reinstated to his rightful position as superintendent and further ordered the board "to forthwith complete the hearing on the charges filed against the petitioner, to allow him to answer such charges fully if he so desires, * * *."

At a meeting of the board of education held on March 25, 1971, the board unanimously voted to dismiss the charges against the petitioner and to cancel a hearing scheduled for March 27, 1971. Incorporated into the minutes of that meeting is a statement signed by four of the members of the board to the effect that they had voted to reinstate the petitioner and to dismiss the charges against him "in order that the Board will not be jeopardized in any way in future actions."

Thereafter, at a special meeting of the board of education held on April 7, 1971, Mr. Ed Grimes, spokesman for Mr. David Roush, presented a list of ten charges in writing for the purpose of removing the petitioner from the office of county superintendent. By a vote of four to one, the board elected to read and consider the charges.

On April 13, 1971, at a regular meeting of the board of education, four of the five respondent members of the board presented to the petitioner the list of the ten written charges which had been presented to the board at the previous special meeting. The petitioner was notified at that time that a hearing on the charges would be held on April 24, 1971. This, the second hearing, is the one involved in the present case.

At the second hearing, held on April 24, 1971, witnesses were heard and evidence was taken before the respondent board of education in relation to the written charges. Testimony taken at the hearing was reported and subsequently transcribed in typewritten form. At the conclusion of the hearing, the board recessed until April 27, 1971, at which time the board presented its written findings. By a majority vote of the members present, the board found that the petitioner was guilty of nine of the ten charges filed against him and accordingly the board ordered that the petitioner be removed from his position as county superintendent. The vote by which the petitioner was removed as county superintendent of schools was three in favor and one opposed, one member being absent.

The petitioner appealed this decision of the board of education to Dr. Daniel B. Taylor, State Superintendent of Schools of West Virginia pursuant to the provisions of Code, 1931, 18A-2-8, as amended, the language of which is as follows:

"Notwithstanding any other provisions of law, a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubordination, intemperance or wilful neglect of duty, but the charges shall be stated in writing and the employee so affected shall be given an opportunity to be heard by the board upon not less than ten days' written notice, which charges and notice shall be served upon the employee within five days of the presentation of the charges to the board. The hearing may be

held at the next regular meeting of the board or at a special meeting called for that purpose; and in any case when the board is not unanimous in its decision to suspend or dismiss, the person so suspended or dismissed shall have the right of appeal to the state superintendent of schools."

No notice that an appeal was to be made was given to the respondent board of education or to the individual members thereof. The proceedings before the State Superintendent of Schools were purely of an ex parte nature and the respondent board of education was not afforded an opportunity to be heard.

By a letter dated May 21, 1971, Dr. Taylor advised the county board of education that he had reviewed the transcript of the proceedings, "including the notice of and charges specified, the procedures followed, the evidence adduced from exhibits filed at said hearing of April 24, 1971", and was of the opinion that the evidence presented was insufficient to sustain any of the charges and that the decision, based on the evidence, was erroneous. He ordered that the respondent board forthwith reinstate the petitioner as superintendent, with restoration of his salary from April 27, 1971. Dr. Taylor stated further in his letter that his actions were taken pursuant to his authority under Code, 1931, 18A-2-8, as amended, and Code, 1931, 18-3-4, as amended. This was the first knowledge the respondents had of the appeal.

Following the receipt of Dr. Taylor's letter, the board, at a special session held on May 26, 1971, failed to take any action in relation to the reinstatement of the petitioner.

Counsel for the respondent board of education contend that the proceedings for his removal were held pursuant to Code, 1931, 18-4-3, as amended, which, counsel contend, controls the procedure for the removal of a county superintendent of schools by a county board of education; that Code, 1931, 18-4-3, as amended, makes no provision for appeal to the State Superintendent of Schools of West Virginia; and that, therefore, the appeal provisions of Code,

1931, 18A-2-8, as amended, cannot be held to be applicable to the present case.

Code, 1931, 18-4-3, as amended, provides:

> "The board may remove the superintendent from office for immorality, incompetency, insubordination, intemperance or wilful neglect of duty; but the charges shall be stated in writing and the superintendent shall be given an opportunity to be heard by the board upon not less than ten days' notice: Provided, however, that a superintendent so suspended, shall not forfeit his salary for the period of suspension."

The statute quoted above was enacted by Chapter 8, Acts of the Legislature, Extraordinary Session, 1933, and amended by Chapter 34, Acts of the Legislature, Regular Session, 1937.

By Chapter 140, Acts of the Legislature, Regular Session, 1969, the legislature repealed Article 7 of Chapter 18, Code, 1931, as amended, entitled "Teachers" and enacted in lieu thereof a new chapter designated as Chapter 18A, dealing with the subject of school personnel. Prior to the 1969 enactment, Code, 1931, 18-7-6, provided for the suspension or dismissal of "teachers" by the county board of education for immorality, incompetency, cruelty, insubordination, intemperance or willful neglect of duty and provided further that a teacher so dismissed or suspended had the right to appeal such a decision to the State Superintendent of Schools.

In repealing Code, 1931, 18-7-6, and in enacting a similar statute, designated 18A-2-8, the legislature broadened the category of individuals governed by this statute from teachers to school personnel. "School Personnel," the title of Chapter 18A, is defined by Code, 1931, 18A-1-1, as amended, as follows:

> "a. 'School personnel' shall mean *all personnel employed by a county board of education* whether employed on a regular full-time basis, an hourly basis or otherwise. School personnel shall be

comprised of three categories: Professional personnel, auxiliary personnel and service personnel.

"b. 'Professional personnel' shall mean persons who meet the certification and/or licensing requirements of the State, and shall include the professional educator and other professional employees.

"c. 'Professional educator' shall be synonymous with and shall have the same meaning as 'teacher' as defined in section one, article one, chapter eighteen of this Code. *Professional educators shall be classified as:*

"(1) 'Classroom teacher': The professional educator who has direct instructional or counseling relationship with pupils, spending the majority of his time in this capacity.

"(2) 'Principal': The professional educator whose duties relate to the instructional program but whose major time is devoted to responsibility for the whole of the school and the teachers and other personnel therein.

"(3) 'Supervisor': The professional educator who, whether by this or other appropriate title, is responsible for working primarily in the field with professional and/or other personnel in instructional and other school improvement.

"(4) 'Central office administrator': *The superintendent, associate superintendent, assistant superintendent,* and other professional educators, whether by these or other appropriate titles, who are charged with the administering and supervising of the whole or some assigned part of the total program of the county-wide school system." (Italics supplied.)

We are of the opinion that an appeal by the petitioner to the State Superintendent of Schools was authorized by the provisions of Code, 1931, 18A-2-8, as amended. However, in view of the undisputed fact that no notice of the appeal was given to the respondent board of education or to the individual members thereof, and the fact that the board was not afforded any opportunity to be heard in relation to the appeal, the Court holds that the

appellate proceedings before the State Superintendent of Schools resulted in a denial of due process of law to the respondent board of education and that therefore the findings and order of the State Superintendent of Schools are void and of no legal effect. "Due process of law, within the meaning of the State and Federal constitutional provisions, extends to actions of administrative officers and tribunals, as well as to the judicial branches of the governments." *State ex rel. Ellis* v. *Kelly,* 145 W.Va. 70, pt. 2 syl., 112 S.E.2d 641. See *State ex rel. Linger* v. *Board of Education of Putnam County,* 152 W.Va. 379, 163 S.E.2d 790; *State ex rel. Burchett* v. *Taylor,* 150 W.Va. 702, 149 S.E.2d 234; *Green* v. *Board of Education of Marion County,* 133 W.Va. 356, 56 S.E.2d 100; *Simpson* v. *Stanton,* 119 W. Va. 235, pt. 2 syl., 193 S.E. 64.

We are not required to decide, and therefore we do not decide in this case, the question whether the appeal procedure prescribed by Code, 1931, 18A-2-8, as amended, was the sole avenue of appellate review of the action of the board of education in removing the petitioner from his official position as county superintendent of schools. *State ex rel. Board of Education* v. *Martin,* 112 W.Va. 174, pt. 2 syl., 163 S.E. 850. See also *City of Huntington* v. *State Water Commission,* 135 W.Va. 568, 576, 64 S.E.2d 225, 230; *Green* v. *Board of Education of Marion County,* 133 W.Va. 356, 364, 56 S.E.2d 100, 104; *In the Matter of: Proposal to Incorporate the Town of Chesapeake,* 130 W.Va. 527, 532, 45 S.E.2d 113, 116; *State* v. *Huber,* 129 W.Va. 198, 220, 40 S.E.2d 11, 24; *Spurdone* v. *Shaw,* 114 W.Va. 191, 171 S.E. 411.

Code, 1931, 18A-1-2, as enacted in 1969, provides that any other provisions of the Code "which are inconsistent with the provisions of this chapter, are hereby repealed to the extent of such inconsistency." No other provision of the Code, by specific reference, is expressly repealed by Chapter 18A. If any other statutory provision is thereby repealed, it must, therefore, necessarily be a repeal by implication. Repeal of statutes by implication is not

favored and can arise only in cases of irreconcilable conflict or inconsistency. *State ex rel. Warder* v. *Gainer,* 153 W.Va. 35, pt. 6 syl., 167 S.E.2d 290; *State ex rel. City of Wheeling* v. *Renick,* 145 W.Va. 640, pts. 1 and 2 syl., 116 S.E.2d 763. We do not perceive any such inconsistency between any of the provisions of Chapter 18 and any of the provisions of Chapter 18A. Both relate to public schools, county boards of education, personnel employed by such boards and other related matters. Code, 1931, 18-4-3, as amended, and Section 8 of Article 2 of Chapter 18A, as amended, relate to removal of county superintendents by county boards of education. The two statutes provide quite similar grounds for removal. The statutes, generally speaking, relate to the same subject matter. The two chapters of the Code, though not enacted at the same time, should be considered in pari materia and, therefore, they should be read and considered together. *State* v. *Reel,* 152 W.Va. 646, pt. 1 syl., 165 S.E.2d 813; *State ex rel. Campbell* v. *Wood,* 151 W.Va. 807, pt. 1 syl., 155 S.E.2d 893; *Owens-Illinois Glass Company* v. *Battle,* 151 W.Va. 655, pt. 1 syl., 154 S.E.2d 854. The provision in Chapter 18A for appeal to the State Superintendent of Schools is perhaps supplemental to but not in conflict with any provision of Chapter 18.

For reasons stated in this opinion, the Court holds that the action of the State Superintendent of Schools of West Virginia in undertaking to entertain an appeal by the petitioner and his action in undertaking to restore the petitioner to his former position as Superintendent of Schools of Mason County without loss of salary are void. The writ of mandamus prayed for is therefore denied.

*Writ denied.*