STATE *ex rel.* JOHN D. ANDERSON, *Relator*

*v.*

THE BOARD OF EDUCATION OF MINGO COUNTY,

WEST VIRGINIA, *Defendant*

(No. 13736)

Decided March 22, 1977.

*William L. Jacobs* for relator.

*Preiser & Wilson, Stanley E. Preiser, Franklin S. Fragale, Jr.* for respondent.

McGRAW, JUSTICE:

Relator, John D. Anderson, invokes the original mandamus jurisdiction of this Court, praying for the issuance of a peremptory writ of mandamus commanding and compelling the defendant, The Board of Education of Mingo County, West Virginia, "to rescind, revoke and annul their unlawful action in attempting to elect a second person to the office to which the relator is entitled by law and commanding and compelling the Board of Education of Mingo County, West Virginia, to permit and allow the relator to do and perform the duties of his

said office (the office of county superintendent of schools of Mingo County) pursuant to law and to receive the emoluments for said service and to compel the said Board to proceed and act in accordance with and in compliance with the laws of the State of West Virginia." Relator avers in his petition circumstances which, in his opinion, warrant by-passing the Circuit Court of Mingo County and presenting his original application for mandamus relief in this Court, and further avers that the taking of evidence will not be necessary for proper disposition of the application.

Defendant has filed an answer and an amended answer to relator's petition, denying that relator was lawfully elected to the office of county superintendent of schools of Mingo County, and denying that relator "has a plain, clear or legal right to the position." His Joinder and Response to Demurrer of Relator to Answer of Respondent and his Rejoinder to the Reply of Relator to Answer of Respondent have been filed. Defendant has also moved to dismiss and discharge the rule as being improvidently awarded by this Court. Relator has demurred and replied to the answer and to the amended answer. Depositions of four members of the board of education, of the superintendent of schools and the assistant superintendent of schools of Mingo County, and of relator, John D. Anderson, have been filed herein. Briefs and reply briefs have been filed by the parties.

Relator, in his deposition, states his age as 59 years, that he is a resident of Mingo County, and that he has taught school for some 38 years. He has the education, experience and professional qualifications to be a county superintendent of schools. He attests he has a health certificate from a reputable physician which he has ready and will file with the president of the board of education when his right to take the oath of office and assume his official duties of superintendent of schools is judicially determined. W. Va. Code 18-4-2. His position is that he was elected at the regular meeting of the board of education on March 10, 1976, to serve as county superintendent of schools of Mingo County for a term of

four years commencing on July 1, 1976. By letters of March 31 and April 6, 1976, the president of the board of education notified the State Superintendent of Schools of relator's election as county superintendent of schools. W. Va. Code, 18-4-1. At a later meeting of the board of education, relator's salary as superintendent of schools was considered and fixed. Although reemployed in a county school system in the State of Kentucky for the school year 1976-77, he declined acceptance of the employment because of his election as superintendent of schools of Mingo County. At the primary election on May 11, 1976, Larry Hamrick was elected as a member of the board of education replacing J. Hershel Morgan, who had been appointed to fill a board vacancy until a board member was elected. At the meeting of the board on June 9, 1976, upon receipt of an opinion from the prosecuting attorney of Mingo County, dated June 8, 1976, that relator's *employment* as superintendent of schools was illegal and void *ab initio*, the board, upon the recommendation of J. Paul Turner, then county superintendent of schools and secretary to the board of education, and on motion of the newly elected board member, Larry Hamrick, declared the office of county superintendent of schools vacant. The prosecuting attorney's opinion was based primarily on provisions of W. Va. Code, 61-10-15, prohibiting a member of a school board from having any interest, directly or indirectly, in a contract with or services for the board. The basis for the ruling was that board member, J. Hershel Morgan, was a brother-in-law of relator, John D. Anderson. The wives of the two men were sisters.

Relator reported daily to the board of education offices, commencing July 1, 1976, for assumption of his duties but was precluded from assuming the duties by another occupant of the office of county superintendent of schools. He was not required to take the oath of office as superintendent until assuming the duties of his office. W. Va. Code, 18-5-25. The county superintendent is an officer, not an employee of the school board. *West Virginia Constitution*, Article XII, § 3.

Among allegations in defendant's answer and amended answer, both verified by Larry Hamrick, the elected member of the board of education replacing J. Hershel Morgan, defendant:

(1) asserts relator's failure to comply with requirements of Rule XVIII, ¶ 3, Rules of Practice of this Court;

(2) asserts relator's failure to allege "he had in fact entered into a contract of employment with the respondent";

(3) denies relator's submission of an application to the board of education for the position as superintendent of schools;

(4) denies validity of relator's election by the board of education at its March 10, 1976 meeting;

(5) affirms that Paul Turner was employed as county superintendent of schools at the board meeting on June 19, 1976;

(6) asserts that relator was never legally elected to be county superintendent of schools by the board of education—that the attempt to so elect him was null and void in violation of W. Va. Code, 61-10-15, prohibiting a board member from having any interest in a contract or service with the board;

(7) asserts that J. Hershel Morgan was ineligible to be a member of the board of education of Mingo County since he was employed in the Pike County schools in the State of Kentucky;

(8) asserts that relator was not elected legally because his salary was not set at a valid board meeting;

(9) denies "election" of relator as county superintendent of schools;

(10) asserts no contract was entered into between relator and the board of education relating to the county superintendent position;

(11) denies relator has "plain, clear or legal right" to the position as county superintendent of schools; and

(12) admits no claim is made that relator "was guilty of immorality, incompetence, insubordination, intemperance or wilful neglect of duty" and that no charges were filed against relator for his removal from office since he had not been elected to the office of county superintendent of schools.

The primary issue is whether, upon the record before the Court, relator, John D. Anderson, is entitled to the office of county superintendent of schools of Mingo County—whether he has a clear legal right to the office—whether the respondent, the Board of Education of Mingo County, has a corresponding duty to permit and allow relator to assume and perform the duties of the office as provided by law.

The county superintendent of schools, under West Virginia law, is an officer elected by the county board of education. W. Va. Code, 18-4-1; *West Virginia Constitution*, Article XII, § 3; *Rogers v. Board of Education*, 125 W. Va. 579, 25 S.E.2d 537 (1943). Prior to establishment of the county unit system for school administration purposes in 1933, the county superintendent was elected in each county at the November general election for a term of four years. W. Va. Code, 18-4-1 (1931). Before performing any of the duties of his office, he is required to take the oath prescribed in the Constitution. W. Va. Code, 18-5-25. Health, education and school experience qualifications are prescribed in W. Va. Code, 18-4-2. His election by the board of education "shall be held on or before the first day of May" prior to July 1 when he enters upon the duties of his office. Upon his election by the board, the president of the board shall certify his election to the state superintendent of schools. Since he is an officer, not an employee, no statute requires him to execute a contract relating to his official duties and services.

The defendant, The Board of Education of Mingo County, is a public corporation. W. Va. Code, 18-5-5. The five members of the board must be citizens and residents of the county served by the board. They are elected for terms of six years and are required to take the

oath prescribed by the Constitution for public officers. The board shall elect one member as president and the county superintendent of schools serves as secretary. Some fixed meeting dates are prescribed by law but meetings may be held for transaction of business "at such other times as the board may fix upon its records." W. Va. Code, 18-5-4. A majority of the members shall constitute a quorum for transaction of official business. Each county is a school district under the supervision and control of the county board of education. W. Va. Code, 18-5-1.

The allegations and positions of relator and defendant are to be considered and examined in the light of the record presented and of the law applicable thereto. Several findings and conclusions will be warranted in defining and controlling principles and bases for determination of this action.

In paragraph 6 of relator's petition, he alleges that "the taking of evidence will not be necessary for the proper disposition of this proceeding", in keeping with Rule XVIII of the Court's Rules of Practice, apparently an allegation overlooked in defendant's answers directing attention to relator's failure to comply with the Rule.

Defendant's answer asserts relator failed to allege he had "entered into a contract of employment with respondent". The county superintendent of schools is an officer, not an employee, and developments disclosed in the record would have precluded entering into a contract even if a statute required contract negotiations and execution. Since the defendant board's actions and proceedings, subsequent to relator's election as county superintendent of schools, prevented him from assuming the duties of his office, the board cannot well sustain its present position in this Court that the relator did not sign a contract or take the oath of office. To so argue is to attempt to take advantage of its own wrongful acts. Exhibit 8A, among exhibits stipulated by attorneys for the parties and filed herein on September 1, 1976, is a copy of a letter from relator, dated June 16, 1976, ad-

dressed to the members of the Board of Education of Mingo County, affirming that relator expected to assume his duties as county superintendent of schools on July 1, 1976. Exhibit O, among joint exhibits stipulated into the record by attorneys for the parties, is a copy of relator's letter of application, dated March 3, 1975, to the defendant Mingo County Board of Education applying for the position of county superintendent of schools.

Relator asserts he was elected to the office of county superintendent at a regular meeting of the board of education held on March 10, 1976. Defendant denies the election of a county superintendent of schools was then lawfully held. Defendant challenges the validity of the meeting and the lawful right of board member, J. Hershel Morgan, to be on the board and to participate in the election of relator as county superintendent of schools. His position is that Mr. Morgan was then employed as a school principal in the State of Kentucky and was ineligible to be a board member. He further asserts that, since Mr. Morgan and relator were married to sisters, they were brothers-in-law and Mr. Morgan's position on the board and his participation in relator's election as county superintendent of schools were unlawful in violation of W. Va. Code, 61-10-15, prohibiting a board member from becoming "pecuniarily interested, directly or indirectly, in the proceeds of any contract or service" in relation to the board of education. We find defendant's position untenable. The record establishes that board member Morgan was a resident of Matewan, Mingo County, and had resided there for some 25 years. His employment in the Kentucky school system did not preclude him from holding office as a member of the board of education of Mingo County, the county of his residence. Whether Mr. Morgan and the relator, who were married to sisters, are or are not brothers-in-law need not be judicially determined.* The statute, W. Va. Code,

---

* Definitions of brother-in-law include:-
Black's Law Dictionary (Rev. 4th Ed. 1968)
    "BROTHER-IN-LAW. A wife's brother or a sister's husband. There is not any relationship, but only affinity, between brothers-

61-10-15, claimed by defendant's counsel to have been violated by board member Morgan's participation in the board's election of relator as county superintendent of schools, is a penal statute which requires strict construction and clearly does not reach or embrace the board of education election action as here involved. We hold that Mr. Morgan was a *de jure* member of the board of education, but, as one of our brethren on the Court points out, even if he were a *de facto* member and precluded from voting or from casting a valid vote, his vote was unnecessary to the board's valid election of the county superintendent of schools since a quorum of the board was present without his vote and a majority of the quorum voted for the election of relator as superintendent. *State ex rel. Roush v. Board of Education of Mason County*, 128 W. Va. 150, 35 S.E.2d 850. (1945).

We further find that the meeting of the board of education, held on March 10, 1976, at which relator was

---

in-law. Farmers' L & T Co. v. Iowa Water Co., C.C., 80 Fed. 469. See State v. Foster, 112 La. 533, 36 So. 554. Two men are not brothers-in-law from the circumstance merely of having married sisters. Cruce v. State, 87 Fla. 406, 100 So. 264, 265."
Ballentine's Law Dictionary (3d Ed. 1969)—
"The brother of one's spouse or the husband of one's sister; sometimes, the husband of a wife's sister or the husband of a husband's sister, but this is not common usage throughout the United States."
Bouvier's Law Dictionary (Baldwin's Century Ed. 1940) defines brother-in-law as the "brother of a wife, or the husband of a sister." Further this source states that "There is no *relationship,* in the former case, between the husband and the brother-in-law, nor in the latter, between the brother and the husband of the sister: there is only *affinity* between them."
Other references:
5A Words and Phrases 420 (Perm. Ed. 1968)
12 C.J.S., Brother-in-law (1938)
*Hill v. Good,* 124 English Reports—Full Reprint (Vaughan 302) 1085 (1674)
*Chinn v. The State,* 47 Ohio St. 575, 26 N.E. 896 (1890)
1 Coke upon Littleton, 147-149 (1827) and 1 Blackstone's Commentaries 433-435 (1898) point to Levitical decrees as bases for many of the early laws and practices relating to family affinity. See Leviticus, Chapter 18.

elected county superintendent of schools, was a regular board meeting attended by all five members of the board, although one member had left the meeting when the 3-1 vote electing relator as county superintendent was taken and recorded. The meeting held prior to May 1 was in compliance with requirements of W. Va. Code, 18-4-1, relating to the election of the county superintendent. Minutes of the board meeting on January 2, 1973, disclose that regular meetings of the board were, on motion made and carried, set for the second Wednesday of each month, as shown by Exhibit 10 of the exhibits stipulated in the record by attorneys for the parties. The second Wednesday of each month was consistently maintained thereafter, with little deviation, as the regular meeting date of the board to the time of commencement of these proceedings. Wednesday, March 10, 1976, was the second Wednesday of the month when the board meeting was held, at which relator was elected county superintendent of schools. Exhibit 1 of exhibits stipulated by the attorneys for the parties is a copy of a letter dated March 5, 1976, from the secretary of the board announcing that the regular meeting of the Board of Education of Mingo County would be held on Wednesday, March 10, 1976, at 9:30 a.m.

Exhibit 15, among the exhibits stipulated by the attorneys, is a record of the minutes of a special meeting of the board in which relator's salary as county superintendent of schools was fixed at $24,000 per year.

Exhibit 16, as stipulated by the attorneys, is a copy of the minutes of the board meeting on June 9, 1976, at which the newly elected board member, Larry Hamrick, was introduced and seated. At that meeting, the position of county superintendent of schools, to which relator had been elected, was declared vacant. An opinion, dated June 8, 1976, by the prosecuting attorney of Mingo County, advised the board that relator, John D. Anderson, was the brother-in-law of J. Hershel Morgan, former member of the board, and that Mr. Anderson was principal of Phelps High School in Kentucky when Mr. Morgan was assistant principal in the same school and subordi-

nate to Mr. Anderson. The opinion was to the effect that the action of Mr. Morgan as a member of the board of education in electing Mr. Anderson, relator herein, as superintendent of schools was illegal and a criminal offense under W. Va. Code, 61-10-15. The opinion concluded with the advice that "the employment of John Anderson as County Superintendent of Schools is unlawful, and any contract executed in furtherance of said illegal employment is void *ab initio*."

Exhibit 17, as stipulated by the attorneys, is a copy of the board's minutes of Wednesday, June 16, 1976, at which threats of a legal contest over who was the county superintendent of schools were discussed by board members. Later in the meeting, the board, by a 3-2 vote, reemployed J. Paul Turner as county superintendent of schools.

Upon review and consideration of the record and the findings and conclusions above stated, we hold that relator, John D. Anderson, was lawfully elected to the office of county superintendent of schools of Mingo County on March 10, 1976, by a lawfully constituted board of education at a regular board meeting, that he has a clear legal right to the office, and that mandamus is a proper remedy to require performance of the nondiscretionary duty by the defendant, the Board of Education of Mingo County, to permit and allow relator to assume and perform the duties of the office to which he has been elected and as provided by law.

In *State ex rel. Porter v. Bivens and Dingess,* 151 W. Va. 665, 155 S.E.2d 827 (1967), syllabus, point 1, the Court held:

> "Mandamus is the proper remedy to admit to office a person who shows a clear prima facie legal right to an office and who is wrongfully excluded from it."

In syllabus, point 1, *State ex rel. Allstate Insurance Company v. Union Public Service District,* 151 W. Va. 207, 151 S.E.2d 102 (1966), is the Court's holding that:

"Mandamus is a proper remedy to require the performance of a nondiscretionary duty by various governmental agencies or bodies."

When a candidate for the office of county superintendent of schools, with requisite qualifications, is elected to the office by a lawfully composed county board of education at a regular meeting thereof prior to May 1, consistent with the provisions of W. Va. Code, 18-4-1, and the candidate so elected relinquishes other school employment assignments and holds himself in readiness to assume, on July 1 next thereafter, the duties of the office to which he has been elected, he is entitled to the office and the board of education is legally obligated to permit and allow him to assume the duties of the office, in the absence of intervening impediments disqualifying the person so elected from lawfully holding such office. The facts that the elected county superintendent of schools and a member of the county board of education are friends, that they, at the time, hold related administrative positions in a high school in a neighboring state, and that they are married to sisters are not disqualifying impediments under the laws of the State of West Virginia. In this case the relator, John D. Anderson, the elected county superintendent of schools, has a clear legal right to the writ of mandamus as prayed for and the defendant, The Board of Education of Mingo County, West Virginia, has a corresponding duty to perform the acts demanded. In point 1 of the syllabus in *State ex rel. Board of Education of the County of Kanawha v. Johnson,* 156 W. Va. 39, 190 S.E.2d 483 (1972), the Court held:

"To entitle one to a writ of mandamus, the party seeking the writ must show a clear legal right thereto and a corresponding duty on the respondent to perform the act demanded."

Accordingly, the writ of mandamus requiring defendant to perform its nondiscretionary duty as prayed for is awarded.

*Writ awarded.*