ROY HALL, *et al.*

*v.*

JAMES PIZZINO

(No. 14716)

Decided March 11, 1980.

*William L. Jacobs* for appellants.

*D. Grove Moler* for appellee.

CAPLAN, JUSTICE:

This is an appeal from the Circuit Court of Wyoming County in which the appellants' petition for removal of the appellee, James Pizzino, from the office of Superintendent of Schools of Wyoming County was dismissed with prejudice. The issue before this Court is whether a

county superintendent of schools is an officer within the meaning and intendment of *W.Va. Code*, 1931, 6-6-7 relating to removal by the circuit court of county, district and municipal officers having fixed terms. We conclude that a county superintendent of schools occupies a position contemplated by the legislature in enacting that statute, and therefore, reverse and remand for further proceedings.

The pertinent provisions of *Code*, 6-6-7 are as follows:

Any person holding any county, magisterial district, independent school district, or municipal office, including the office of a member of a board of education, the term or tenure or which office is fixed by law, whether elected or appointed thereto, except a judge of a court of record, may be removed by the circuit court of the county wherein such officer or person resides, ... The charges may be preferred, in the case of any county officer, by the county court, or other tribunal in lieu thereof, any other officer of the county, or any five or more voters thereof; in the case of any magisterial district officer or independent school district officer, by the county court, sheriff, or prosecuting attorney of the county in which such district is located, any other officer of such district, or five or more voters thereof; ...

The appellants, as voters of Wyoming County, filed a petition pursuant to the above statute, praying for the removal of the appellee, James Pizzino, from the office of county superintendent of schools. In the petition, it was alleged that Mr. Pizzino was guilty of official misconduct, malfeasance in office and neglect of duty founded upon numerous factual allegations. The court found that Mr. Pizzino, as a county school superintendent, was not a "county officer" within the meaning and intendment of *W.Va. Code,* 1931, 6-6-7 and dismissed the action with prejudice.

In determining whether a county superintendent of schools occupies a position contemplated by the legisla-

ture in enacting this statute, we need to examine the statute in its historical context. The statutory section dealing with removal of county officers, as provided in Barnes' W.Va.Code Annotated, 1923, Chapter 7, Section 7, was modified and changed in 1931 to the current *W.Va. Code*, 1931, 6-6-7. At the time of the modification, school districts were not co-extensive with county lines. Every magisterial district in each of the counties of the state was a school district. Each district elected a school board, which in turn appointed district supervisors. The electorate of each county elected a county superintendent to supervise the school district activities in that particular county. In 1933 a county unit system of education was adopted by our legislature. Under that system, the legislature provided that "a school district shall include all the territory in one county. Existing magisterial school districts and subdistricts and independent districts are abolished." *W.Va. Code*, 1931, 18-1-3, as amended. The language in *W.Va. Code*, 1931, 6-6-7, referring to officers of magisterial and independent school districts, however, was never amended, although the county unit system became the successor to the magisterial and independent school district system.

Without dealing with the phrases "magisterial district" or "independent school district" officers, this Court in *County Court of Summers County v. Nicely*, 121 W.Va. 767, 6 S.E.2d 485 (1939), in the Syllabus, held that a "county superintendent appointed by a Board of Education ... is not a county officer, and is not subject to removal under the provisions of *Code*, 6-6-7 ..." There it was noted that prior to the enactment of the County Unit Law, there was a county office designated county superintendent of schools.

> The duties of such office were broad and sweeping, and included powers of independent judgment and discretion. The holder thereof was elected for a fixed term of four years and was required to be a resident of the county in which he was elected. His duties were independent of any control on the part of any district board of

education, and he was subject to removal by the State Board of Education. He was *ex officio* financial secretary of school affairs; was required and empowered to counter-sign all orders drawn on any school fund; was designated as the chief executive school officer of the county; and was in general charge of school affairs. In our judgment, he came within the definition of a public officer in that he was authorized to exercise some of the sovereign powers of the state... *Id.*

However, the Court concluded that with the enactment of the County Unit Law, county superintendents were not county officers within the meaning of the statute. In determining this issue, the Court applied the "public office" test of whether the holder exercises a part of the sovereignty of the state. Finding that any such sovereignty which the superintendent exercises is actually vested in the board of education by reason of its control over him, the Court concluded that a county superintendent does not occupy the position of a county officer.

Subsequent decisions limited *Nicely* to its particular facts and found that superintendents are public officials. In *Rowan v. Board of Education of Logan County, et al.* 125 W.Va. 406 24 S.E. 2d 583 (1943) the Court found that the superintendent of schools is "armed with governmental power, namely, to nominate teachers and principals, and to assign, transfer, suspend, promote or dismiss teachers and other school employees. This makes him a public officer to whom we can apply the doctrine relating to *de facto* officials." In *State ex rel. Rogers v. Board of Education of Lewis County et al.*, 125 W.Va. 579, 25 S.E. 2d 537 (1943) this Court found that a county superintendent is an officer of the county school district and not a mere employee of the board since he has a multitude of powers and duties independent of the board.

In *Jackson v. Board of Education of Kanawha County, et al.*, 128 W.Va. 154, 35 S.E. 2d 852 (1945), this Court found that a county superintendent is a public officer within the meaning of Section 38, Article VI of the West

Virginia Constitution prohibiting the increase or decrease of the salary of a public officer during his term of office. Also, in *State ex rel. Anderson v. Board of Education of Mingo County*, ＿＿ W.Va. ＿＿, 233 S.E. 2d 703 (1977) this Court noted that a county superintendent of schools is an officer, not an employee, of the county board of education, and therefore, is not required to execute a contract relating to his official duties and services. In addition, a county superintendent is required to take the oath prescribed in the West Virginia Constitution for officers. *W.Va. Code*, 1931, 18-5-25, as amended. Furthermore, pursuant to *W.Va. Code*, 1931, 6-2-10, as amended, denominated "Bonds of County Officers" county superintendents of schools are included as county officers who "shall give bond with good security."

The members of the county boards of education together with the county superintendents of schools are entrusted with the duty of supervising the county educational systems. The powers and duties of each office are confined to the particular county in which the office is held. That members of county boards of education are subject to removal by circuit courts pursuant to W.VA. CODE, 1931, 6-6-7 is expressly set forth in the statute. That the two offices, that of board member and that of superintendent, have different powers and duties in supervising county educational systems is also clear by statute. The powers and duties of county superintendents are set forth in *W.Va. Code*, 1931, 18-4-10 and 11, as amended, and 18-5-25, as amended. Under these sections, it is evident that county superintendents are not merely subject to the control of the county boards, but exercise "a multitude of powers and duties independent of the board." *State ex rel. Rogers v. Board of Education, etc., supra*. The superintendent acts as the chief executive officer of the county board of education and executes all of the educational policies of the state board. He nominates all personnel to be employed. In addition, he assigns, transfers, suspends or promotes teachers and all other school employees subject to the board's approval; has the authority to temporarily close a school

when conditions are detrimental to the health, safety and welfare of the pupils; and acts in emergency situations according to the best interests of the school. These are just some of the statutorily enumerated duties. A county superintendent's duties include duties subject to approval of the board and duties independent of board action. His duties include powers of independent judgment and discretion.

Each county is a school district under the supervision and control of the county board and county superintendent. Since the legislature has expressly set forth that members of county boards are subject to removal pursuant to *W.Va. Code*, 1931, 6-6-7, and since board members and county superintendents have independent duties, we can discern no distinction in the character of the two offices which would warrant the conclusion that a board member is an officer subject to removal by the circuit courts while county superintendents are not. Whether a county superintendent of schools is a county officer or an officer of a school district, we find that the position is one contemplated by the legislature to be subject to removal by circuit courts if the term or tenure is fixed by law.

*W.Va. Code*, 1931, 18-4-1, as amended, sets forth that a county superintendent shall be elected by the county board of education to serve a term of not less than one, nor more than four years. Thereunder, the exact number of years to be served is determined by the board. However, the term of office is not left completely within the discretion of the board. The county board fixes the term upon election. Once that decision is made, the board can remove the superintendent from office only for certain misconduct pursuant to *W.Va. Code*, 1931, 18-4-3, as amended. Upon election, the superintendent's term becomes a fixed term within the statutory range.

We therefore conclude that a county superintendent of schools elected by a board of education is an officer whose term or tenure is fixed by law and is subject to removal under the provisions of *W.Va. Code*, 1931, 6-6-7.

To the extent that *County Court of Summers County v. Nicely*, 121 W.Va. 767, 6 S.E. 2d 485 (1939) holds that a county superintendent is not subject to removal under *W.Va. Code*, 1931, 6-6-7, it is expressly overruled.

While the appellee argues that the public interest is well protected by other statutes which provide for the removal of a county superintendent, our examination of such statutes reveals that the remedies afforded thereby are inexpedient and do not furnish the public an effective means for the removal of such officer when cause exists. See *W.Va. Code*, 1931, 18-4-3, as amended (removal by county board of education); *W.Va. Code*, 1931, 6-6-1, (lays the basis for removal of a board member who refuses or fails to proceed against a county superintendent when facts so warrant); and, *W.Va. Code*, 1931, 18-3-4 (removal by state superintendent of schools). As aforesaid, the remedies provided by these statutes are indirect, circuitous and fail to afford the citizens the opportunity to act by petition for the expedient removal of a county superintendent when the facts warrant such action. We believe that the subject statute (6-6-7) was designed to afford such relief when needed.

For the reasons stated herein the judgment of the Circuit Court of Wyoming County is reversed and the case is remanded for further proceedings consonant with this opinion.

*Reversed and remanded.*