304 S.E.2d 678

**Robert E. LOOKABILL**

v.

**BOARD OF EDUCATION OF the COUNTY OF WYOMING,**
etc., et al.

**No. 15687.**

Supreme Court of Appeals of
West Virginia.

June 29, 1983.

Norris Kantor, Katz, Kantor, Katz, Perkins & Cameron, Bluefield, for appellant.

John S. Hrko, Asst. Pros. Atty., Pineville, for appellees.

PER CURIAM:

Robert E. Lookabill appeals from the March 31, 1982 final order of the Circuit Court of Wyoming County, which denied his petition for a writ of mandamus to compel the appellees, the Wyoming County Board of Education and its members, to appoint him to the position of county superintendent of schools. For the reasons set forth below, we affirm.

On October 24, 1980 the Wyoming County Board of Education held a special meeting to fill a vacancy in the office of county superintendent of schools created by the death of James Pizzino. The appellant, who had approximately two and one-half years remaining on a four-year contract as assistant superintendent of schools, was unanimously elected to serve as superintendent until June 30, 1981. He resigned his former position and accepted the new position.

The school board chose not to re-elect the appellant to the position of superintendent following this temporary term, however. On March 11, 1981 the board by a 3–2 vote elected Vernon L. Short to serve as county superintendent of schools from July 1, 1981 to June 30, 1983. At a special meeting of the board on July 17, 1981 the appellant was appointed principal of Herndon High School, effective August 3, 1981.

On November 12, 1981 the appellant filed a civil action in the Circuit Court of Wyoming County, seeking a writ of mandamus to require the appellees to place him in the position of superintendent of schools for the academic years 1981–82 and 1982–83, together with compensatory damages, interest, costs and reasonable attorneys' fees. A rule to show cause issued, and a hearing was held on January 14, 1982. By Order of March 31, 1982 the circuit court denied the writ of mandamus, holding that the appellant had shown no entitlement to the relief sought, and that the appellees had complied with the law in every respect.

On appeal, as below, the appellant contends that he was entitled to the protections of Policy Statement No. 5300 adopted by the West Virginia Board of Education, particularly section (6)(a), which provides:

"Every employee is entitled to know how well he is performing his job, and should be offered the opportunity of open and honest evaluation of his performance on a regular basis. Any decision concerning promotion, demotion, transfer or termination of employment should be based upon such evaluation, and not upon factors extraneous thereto. Every employee is entitled to the opportunity of improving his job performance, prior to the terminating or transferring of his services, and can only do so with assistance of regular evaluation."

Appellant states that he was assured by the board of continued employment as superintendent beyond June 30, 1981, as long as his performance was satisfactory. However, his performance was never reviewed, nor was he told that it was unacceptable. The circuit court held that he was not entitled to the evaluation and improvement period contemplated by Policy No. 5300(6)(a), but that his term of office had simply expired by operation of law on June 30, 1981.

As support for his position, the appellant cites syllabus point 2 of *Trimboli v. Board of Education of Wayne County,* 163 W.Va. 1, 254 S.E.2d 561 (1979), in which this Court held:

"West Virginia Board of Education Policy No. 5300(6)(a) providing for regular evaluation of employees and opportunity to improve based upon such evaluation, is applicable to all employees regardless of their statutory classifications in *W.Va.Code,* 18–1–1, 18A–1–1, and 18–5–32."

■ The appellant contends that he is an "employee" within the meaning of *Trimboli,* and is thus entitled to the protections of Policy No. 5300. However, he ignores decisions of this Court which have repeatedly held that a county superintendent of schools, elected by a board of education pursuant to *W.Va.Code,* 18–4–1, is an officer, not an employee of the school board. *See State ex rel. Rogers v. Board of Education of Lewis County,* 125 W.Va. 579, 25 S.E.2d 537 (1943); *State ex rel. Anderson v. Board of Education of Mingo County,* 160 W.Va. 208, 233 S.E.2d 703, 707 (1977); *Hall v. Pizzino,* 164 W.Va. 331, 263 S.E.2d 886 (1980).

■ Policy No. 5300, by its very terms, governs relations between county boards of education and their *employees.* Since the appellant is not an employee of the board, its provisions do not apply to his office. His election and term of office are wholly governed by *W.Va.Code,* 18–4–1 [1957]. At the time of his election this statute read, in pertinent part:

"The superintendent shall be elected by the board to serve for a term of not less than one, nor more than four years. At the expiration of the term or terms for which he shall have been elected, each superintendent shall be eligible for reelection for additional terms of not less than one, nor more than four years: Provided, however, that at the expiration of his term or terms of service he shall be given the status of teacher in the system unless dismissed for statutory reasons. Such election shall be held on or before the first day of May and the person so elected shall take office on the first day of July following. A superintendent who fills a vacancy caused by an incomplete term shall be appointed to serve until the following first day of July...."

■ The appellees elected appellant to serve as superintendent of schools until midnight on June 30, 1981. Until that date and time, they could not interfere with his term of office, nor remove him without granting him certain procedural rights. *See W.Va.Code,* 18–4–3 [1937]; *Hall v. Pizzino,* 164 W.Va. 331, 263 S.E.2d 886, 888 (1980); *Smith v. Siders,* 155 W.Va. 193, 183 S.E.2d 433 (1971). However, nothing in our statutes or case law grants appellant the *right* to re-election at the expiration of his term, nor removes the discretion from the board of education in selecting a county superintendent of schools.

Since the appellant has shown no clear legal right to the office he seeks, we find no error in the circuit court's denial of the writ of mandamus. The decision of the Circuit Court of Wyoming County is, therefore, affirmed.

Affirmed.