375 S.E.2d 25

**STATE of West Virginia ex rel.
Frank L. BLACKWELL**

v.

**WYOMING COUNTY BOARD OF EDU-
CATION, Robert E. Lookabill, et al.,
Members of Said Board, and Gerald
Short, Wyoming Co. Superintendent of
Schools.**

**No. 18015.**

Supreme Court of Appeals of
West Virginia.

Nov. 4, 1988.

D. Grove Mohler, Mullins, for Wyoming CBE and Rovert E. Lookabill et al., Members of Bd. and Gerald Short.

Thomas L. Clarke, Charleston, for Blackwell.

NEELY, Justice:

The Wyoming County Board of Education appeals from the 14 July 1986 final order of the Circuit Court of Wyoming County which granted Frank L. Blackwell a writ of mandamus to compel the Board of Education and its members to reinstate him to the position of county superintendent of schools. For the reasons set forth below, we affirm the circuit court.

On 11 August 1986, the Wyoming County Board of Education, a majority of whom had been in office slightly over a month, held a special meeting to consider various items, including the appointment of a basketball coach at Mullens High School. Frank L. Blackwell, who had been elected superintendent for a four year term beginning 1 July 1986, attended the meeting in spite of a doctor's excuse. At the meeting, Robert Lookabill, the Board president, re-

quested Mr. Blackwell to recommend his candidate for the vacant coach position. Although requested three times, Mr. Blackwell declined stating that he needed more community input to make his recommendation. After some discussion and a recess, the Board of Education adopted a motion to discharge or fire Mr. Blackwell.

On 15 August 1986, the Board of Education was advised of *W. Va. Code*, 18–4–3 [1937], the provisions regarding the removal of a superintendent by the board.[1] After being advised of the removal procedures, the Board concluded additional steps were necessary to discharge Mr. Blackwell. The Board authorized that charges of wilful neglect of duty and insubordination be presented against Mr. Blackwell at a hearing on 2 October 1986. As a result of the 2 October 1986 hearing, which Mr. Blackwell and his counsel attended, the Board, on 16 October 1986, directed that Mr. Blackwell be removed as superintendent.

On 5 December 1986, Mr. Blackwell sought a writ of mandamus to compel the Wyoming County Board of Education to reinstate him as superintendent. By order dated 14 July 1987, the circuit court granted Mr. Blackwell's petition. On appeal to this Court, the Board of Education asserts that, in spite of the rhetoric of 11 August 1986, the 16 October 1986 dismissal complied with statutory procedures and that the trial court erred in applying *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979). Although we agree that *Morgan* is not applicable, we nevertheless hold that the Wyoming County Board of Education failed to follow the statutory requirements to dismiss the superintendent of schools and we affirm the circuit court.

I

■ A county superintendent can be removed for certain actions including wilful neglect of duty and insubordination under *W. Va. Code*, 18–4–3 [1937]; however, charges must be presented in writing, proper notice must be given and the board must

---

1. On 11 August 1986, the Board sought advice from the State Superintendent's Office but the record does not indicate the exact nature of the advice sought. The Board continued to pay Mr. Blackwell after the 11 August 1986 meeting until 20 April 1987.

conduct a hearing. *W.Va.Code,* 18-4-3 [1937] provides as follows:

> The board may remove the superintendent from office for immorality, incompetency, insubordination, intemperance or wilful neglect of duty; but the charges shall be stated in writing and the superintendent shall be given an opportunity to be heard by the board upon not less than ten days' notice: Provided, however, that a superintendent so suspended, shall not forfeit his salary for the period of suspension.[2]

The record is devoid of evidence that Mr. Blackwell wilfully neglected his duty or that he was insubordinate. Mr. Blackwell had a duty "to use great care in nominating candidates for appointment of the school's staff." Wyoming County Board of Education Policy, *Duties and Responsibilities of the Superintendent* (22 May 1978). *W.Va.Code,* 18-4-10 [1967], also requires the superintendent to recommend personnel and states in pertinent part: "The county superintendent shall: (2) Nominate all personnel to be employed...." Mr. Blackwell did not wilfully neglect his duty when he was deliberative before nominating a person for the highly visible and controversial position of basketball coach.

On 12 July 1986, Mr. Blackwell injured his back and on the advice of his doctor remained in bed for about three weeks. In fact, Mr. Blackwell, according to his doctor's excuse, was to remain in bed until 12 August 1986. On Saturday, 9 August 1986, Mr. Blackwell received at home an information packet of over 200 pages for the 9:00 a.m., August 11th Board meeting. At 8:00 a.m. on 11 August 1986, Mr. Blackwell met with his staff and reviewed the applications of various candidates for positions to be considered at the meeting. Based on this review and the consensus of his professional staff, Mr. Blackwell presented his recommendations for all the vacancies but two, the Mullens High School coach and one teaching position, which was not discussed at the meeting.

The record indicates that Mr. Blackwell and his staff did not have complete information concerning the applicants for the vacant coach position and did not reach a consensus. In fact, two additional applications, one of which was postmarked 6 August 1986, the deadline for applying, were received at the superintendent's office on 11 August 1986. Mr. Blackwell wanted to consult with the residents of Mullens, including a Board member from Mullens who was on vacation. In order to fulfill his duty of "great care in nominating candidates", Mr. Blackwell needed more information. Because the basketball season did not start until November, the information was not required immediately.[3] Given his medical condition, Mr. Blackwell did not wilfully neglect his duty in failing to solicit adequate information to make a recommendation before the August 11th Board meeting.

The charge of insubordination is based on Mr. Blackwell's failure to recommend a candidate for the vacant coach position at the August 11th meeting. The record reflects that the Board unsuccessfully requested a recommendation from Mr. Blackwell three times. Mr. Blackwell declined each time in an even voice and manner and stated that he wanted more information from the community. A motion was made to require Mr. Blackwell to recommend a candidate. It is disputed whether this motion was properly seconded and adopted.[4] In any event, Mr. Blackwell's refusal to make a recommendation for a position which started two or three months later in order to obtain more information, did not rise to the level of insubordination.

## II

At the 11 August 1986 meeting, the Board of Education fired Mr. Blackwell.

---

2. In 1987 the legislature rewrote the statute, *W.Va.Code,* 18-4-3 [1987]. However, the present case arose under *W.Va.Code,* 18-4-3 [1937].

3. At the end of the 11 August 1986 meeting, the Board of Education set aside the nomination of the Mullens High School basketball coach until a later date because "it couldn't be that critical."

4. Although the 11 August 1986 meeting was taped and transcribed, several sections of the tape were confusing or inaudible. Testimony concerning the motion was also contradictory.

**4**

The Board's later characterization of the firing as mere "rhetoric" is unfounded in fact. A member of the Board made a motion to discharge Mr. Blackwell. The motion was immediately restated by the member that Mr. Blackwell be "relieved of his duty without pay." After a ten minute recess, again the motion was restated that the superintendent be "[d]ischarged, released from duty, fired." The motion was adopted. After another ten minute recess, Robert Lookabill, the president of the Board, said that Mr. Blackwell "is removed from office." The Board then proceeded to appoint a temporary superintendent.

■ In Syllabus Point 2, *State ex rel. Rogers v. Bd. of Educ. of Lewis County*, 125 W.Va. 579, 25 S.E.2d 537 [1943], we stated:

> The method prescribed by Acts of Legislature 1937, Chapter 34, Article 4, Section 3, for the removal from office of a county superintendent of schools for the causes therein specified is a quasi-judicial proceeding, and must be conducted as such.

The August 11th dismissal of Mr. Blackwell did not follow the procedures outlined in *W.Va.Code*, 18–4–3 [1937]. The August 11th meeting was not the quasi-judicial proceeding required in *Rogers, Id.*

■ In Syllabus Point 1, *Smith v. Siders*, 155 W.Va. 193, 183 S.E.2d 433 (1971), we stated:

> "Due process of law, within the meaning of State and Federal constitutional provisions, extends to actions of administrative offices and tribunals, as well as to the judicial branches of the governments." Point 2 Syllabus, *State ex rel. Ellis v. Kelly*, 145 W.Va. 70 [112 S.E.2d 641]."

Because the 11 August 1986 dismissal of Mr. Blackwell was done without written charges, without notice and without a formal hearing, we believe that the dismissal of Mr. Blackwell resulted in the denial of due process of law to Mr. Blackwell.

### III

■ Even if we accepted the Board's contention that Mr. Blackwell was not discharged until 16 October 1986 after written charges, proper notice and a hearing, we believe that the charges were unsupported by the record and thus insufficient. The Board of Education in a removal hearing carries a special burden to exercise impartiality and to avoid the appearance of bias, prejudice or arbitrariness in its actions. *Rogers, supra* 125 W.Va. at 588–589, 25 S.E.2d at 542. The Board's hearing of 2 October 1986 was a rubber stamp of the Board's actions of 11 August 1986 and failed accurately to assess the charges against Mr. Blackwell.

On appeal the Board of Education contends that *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979) is not applicable to the dismissal of a county superintendent. In *Morgan*, we reviewed the provisions of *W.Va.Code*, 18A–2–7 [1977], and required notice and a hearing before an employee could be placed on a transfer list. Our holding in *Morgan* was limited to employees of a board of education. In Syllabus Point 2 of *Morgan, Id.*, we specifically stated:

> *W.Va.Code*, 18A–2–7 [1977] provides for notice and hearing before an employee's placement on a transfer or assignment list is approved by a board of education. It must be complied with strictly.

■ The present case differs from *Morgan* in that Mr. Blackwell is an officer of the school district. In the Syllabus, *Lookabill v. Bd. of Educ. of County of Wyoming*, 172 W.Va. 225, 304 S.E.2d 678 (1983), we stated:

> "A county superintendent of schools elected pursuant to Acts of Legislature 1937, Chapter 34, Article 4, Section 1, is an officer of the county school district, and not a mere employee of the board of education by which he was elected. Syllabus Point 1, *State ex rel. Rogers v. Bd. of Educ. of Lewis County*, 125 W.Va. 579, 25 S.E.2d 537 (1943)."

A superintendent and an employee have substantially different relationships to the board of education. The superintendent works closely with the board and is the secretary to the board. Because of an

employee's lack of direct contact with the board of education, the employee has been accorded certain rights in a line of cases interpreting *W.Va.Code*, 18A–1–1 *et seq. See Trimboli v. Bd. of Educ. of Wayne County, W.Va.*, 163 W.Va. 1, 254 S.E.2d 561 (1979) (evaluation opportunity for employees); *Powell v. Brown*, 160 W.Va. 723, 238 S.E.2d 220 (1977) (grievance hearing for employees).

As an officer of the county school district, the superintendent's election and tenure of office is governed primarily by *W.Va.Code*, 18–4–1 *et seq.* To the extent that a particular matter is not clearly specified in *W.Va.Code*, 18–4–1 *et seq.*, other *W.Va.Code* provisions have been considered in pari materia. *See Smith v. Siders*, 155 W.Va. 193, 183 S.E.2d 433 (1971) (providing for appeal of dismissal by the superintendent to the State Superintendent of Schools of West Virginia under *W.Va. Code* 18A–2–8 [1969] ); *Hall v. Pizzino*, 164 W.Va. 331, 263 S.E.2d 886 (1980) (providing for removal of a superintendent under *W.Va.Code*, 6–6–7 [1931] ).

Although *W.Va.Code*, 18A–1–1(c)(4) [1981] includes the superintendent within the meaning of school personnel, the provisions of *W.Va.Code*, 18A–1–1 *et seq.* apply only to a superintendent when *W.Va.Code*, 18–4–1 *et seq.*, is silent and, even then, only if application to a superintendent was clearly intended.[5] Although the lower court incorrectly applied *Morgan, supra*, the court below reached the correct decision under the provisions of *W.Va.Code*, 18–4–3 [1937] and our cases that considered the removal of the county superintendent of schools.

 Because the removal of Mr. Blackwell was based on insufficient evidence of the charges and improper procedure, the removal violated the provisions of *W.Va. Code*, 18–4–3 [1937], and a writ of mandamus is a proper remedy.[6] In Syllabus Point 9, *Rogers, supra*, we stated:

> A public officer whose removal was by a proceeding which is void in law may procure his reinstatement by a peremptory writ of mandamus.

Under this rule, we believe that the writ of mandamus was properly issued directing the Wyoming County Board of Education, to reinstate Frank L. Blackwell to the position of Wyoming County Superintendent of Schools, with salary and any applicable benefits, if appropriate, retroactive to 11 August 1986, subject, of course, to appropriate principles of mitigation.[7] *See Mason County Bd. of Education v. State Superintendent of Schools*, 170 W.Va. 632, 295 S.E.2d 719 (1982).

Accordingly, the judgment of the Circuit Court of Wyoming County is affirmed, and the case is remanded for further proceedings consistent with this opinion concerning damages.

**AFFIRMED AND REMANDED WITH DIRECTIONS.**

McGRAW, J., deeming himself disqualified, did not participate in the consideration or decision of this case.

---

5. *W.Va.Code*, 18A–1–1 *et seq.*, is based on the superintendent's working with the approval of the board of education to supervise the school district.

6. On appeal the Board of Education contends that the trial court should have examined the sufficiency of the charges upon a writ of certiorari. The trial court found that Mr. Blackwell had been dismissed on 11 August 1986 in clear violation of *W.Va.Code*, 18–4–3 [1937]. A writ of certiorari would have been proper if only the merits of the Board's decision of 16 October 1986 were questioned. Mr. Blackwell properly petitioned for a writ of mandamus because the 11 August 1986 dismissal was void.

The Board of Education also argues that Mr. Blackwell's participation in the 2 October 1986 hearing acted as a waiver. Prior to this hearing, on 11 September 1986, Mr. Blackwell sought a writ of mandamus which was refiled rather than amended in December 1986. Mr. Blackwell's attendance at the 2 October 1986 hearing was not a waiver of his rights.

7. The record indicates that Mr. Blackwell continued to receive pay until 20 April 1987. The record is unclear concerning any employment after 11 August 1986.