WILLIS D. POWELL, JR.

*v.*

JAMES R. BROWN, *Superintendent*

RITCHIE COUNTY SCHOOLS

(No. 13955)

Decided October 18, 1977.

724

*M. E Mowery, Jr.,* for relator.

*Richard A. Hayhurst,* Prosecuting Attorney, for respondent.

HARSHBARGER, JUSTICE:

In this original proceeding in mandamus the question presented is whether, under the pertinent statutes, a probationary[1] teacher who was not rehired for the ensuing year and was not given any reason therefore has the right to avail himself of grievance procedures of the county board of education for the purpose of learning the reasons for nonrenewal of his teaching contract.

The petitioner, William D. Powell, was a probationary teacher employed by the Ritchie County Board of Education. James R. Brown, the respondent, was the Super-

---

[1] *W. Va. Code,* 18A-2-2 (1969) provides that a teacher's initial employment contract shall be for a term of not less than one nor more than three years. After three years' employment, a qualified teacher may, upon the county superintendent's nomination and the county school board's approval, enter into a continuing employment contract. *W. Va. Code,* 18-4-10 (1967). The first three years of employment are considered to be "probationary." A teacher whose contract is renewed after the probationary period has acquired "tenure." The concept of tenure is designed to secure a high degree of self-expression and freedom from undue influences for those teachers who have proven themselves worthy. A tenured teacher may have his or her contract terminated by a school board only for those causes specifically set forth in *W. Va. Code,* 18A-2-8 (1969).

intendent of Schools of Ritchie County. At a regular meeting of the Ritchie County Board of Education on May 2, 1977, Brown did not recommend Powell for reemployment and shortly thereafter so notified Powell without giving reasons for the action. Powell attempted to initiate a grievance procedure and made several requests therefore of Brown. Brown claims that Powell has no right to grievance hearings; that the failure of the board to renew his contract, he being a probationary teacher, is not a proper matter for grievance and he so informed Powell. The petitioner then instituted this mandamus proceeding praying that Brown be compelled to permit him to avail himself of the grievance procedure that had been adopted by the county board of education and was in effect at the time.

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972), establishes that a nontenured teacher, in general, has no property interest protected by the Fourteenth Amendment to the United States Constitution and is not entitled to a hearing, under the due process clause of the Fourteenth Amendment, if school officials do not rehire him. *See also, Perry v. Sindermann*, 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972); *Satterfield v. Edenton-Chowan Board of Education*, 530 F.2d 567 (4th Cir. 1975); *Sheppard v. West Virginia Board of Regents*, 516 F.2d 826 (4th Cir. 1975); *Orr v. Trinter*, 444 F.2d 128 (6th Cir. 1971); *Drown v. Portsmouth School District*, 435 F.2d 1182 (1st Cir. 1970); *Johnson v. Branch*, 364 F.2d 177 (4th Cir. 1966); *Shields v. Watrel*, 333 F.Supp. 260 (W.D.Pa. 1971).[2]

---

[2] The various holdings that deny hearing rights create some basic problems. If a board of education does not rehire a probationary teacher in retaliation for exercising a constitutionally protected right, and is not obligated to give him the reason for his nonretention, how then may the teacher surmise why he was not retained, and, if necessary, prove that his constitutional rights were violated?

Pettigrew, *"Constitutional Tenure:" Toward a Realization of Academic Freedom*, 22 Case Western L Rev 475, 506-507 (1971) writes:

"Where no specific constitutional right is at issue, but rather the administration's action is arbitrary, capricious, without ba-

These holdings indicate that Powell has no constitutional right to a hearing. But we do not believe the case is disposed of so easily.

In West Virginia the State Board of Education has adopted Regulation 5300 which applies to every local board. Regulation 5300 (6) through (7) are set forth below:

> "6 (a) Every employee is entitled to know how well he is performing his job, and should be offered the opportunity of open and honest evaluation of his performance on a regular basis. Any decision concerning promotion, demotion, transfer or termination of employment should be based upon such evaluation, and not upon factors extraneous thereto. Every employee is entitled to the opportunity of improving his job performance, prior to the terminating or transferring of his services, and can only do so with assistance of regular evaluation."

---

sis in fact, *or based upon no stated reason,* the courts have looked to other factors such as damage to reputation and career opportunities in order to invoke the due process clause. Although the courts differ in their results where the balancing does not involve specific (positive) constitutional rights, the more progressive courts have recognized that dismissal or nonretention for arbitrary or capricious reasons, *or for no reason,* can effectively mask a constitutionally impermissible discharge. Where the hidden reason for such a discharge is the teacher's exercise of a first amendment right, the dismissal or nonretention could have a significant chilling effect on the exercise of those rights by nontenured teachers." (Emphasis ours.)

*See generally,* Note, *Constitutional Law—Due Process—Neither Statement of Reasons nor Administrative Hearing Required Before Nonrenewal of Nontenured Teacher's Contract,* 41 Fordham L Rev 684 (1973); Comment, *Public School Teachers And The Limits of Due Process Protection,* 61 Ky L J 830 (1973); Comment, *Constitutional Law: Due Process, the Nontenured College Professor and De Facto Tenure,* 25 Univ. of Florida L Rev 624 (1973); Annot., *Termination of Public Employment: Right to Hearing Under Due Process Clause of Fifth or Fourteenth Amendment—Supreme Court Cases,* 48 L. Ed. 2d 996 (1977).

"(b) *Every employee is entitled to "due process" in matters affecting his employment, transfer, demotion or promotion.*

"(7) All official and enforceable personnel policies must be written and made available to every employee of each county board of education." (Emphasis added.)

Pursuant to Regulation 5300, Ritchie County adopted a grievance procedure which, by definition, does not exclude probationary teachers. The Ritchie County Grievance Procedure provides, in relevant part:

"Section 2—*Definitions*

"(a) *Grievance*—Grievance shall mean a claim by an employee of a violation, a misapplication, or a misinterpretation of the statutes, board policies, rules, or regulations, under which such employee works, specifying that which is claimed to be violated and the specifics of such violation. The term "grievance" shall not apply to any matter for which (1) the method of review is prescribed by law, or (2) the board of education is without authority to act.

"(b) *Employee—Employee shall mean any person hired by a board of education to perform services, either full or part-time.*"
(Emphasis added.)

Here, then the grievance procedure extends rights beyond those constitutionally required and there is excellent authority to rely upon in requiring the board to afford the rights to Powell.

In *Vitarelli v. Seaton*, 359 U.S. 535, 79 S. Ct. 968, 3 L. Ed. 2d 1012 (1959), the Court held that the U.S. Department of the Interior had the power to dismiss plaintiff without giving any reasons, but it had established regular procedural safeguards relating to discharges of government employees on security grounds and because plaintiff's discharge was based on such grounds, he was entitled to the procedural benefits. Justice Frankfurter

wrote, in a separate opinion which concurred in part and dissented in part:

"An executive agency must be rigorously held to the standards by which it professes its action to be judged ... Accordingly, if dismissal from employment is based on a defined procedure, even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed.... This judicially evolved rule of administrative law is now firmly established and, if I may add, rightly so. He that takes the procedural sword shall perish with that sword." (Citations omitted.) 359 U.S. at 546-547.

Ambiguities created by judicial pronouncements regarding academic tenure have been equitably and admirably resolved in West Virginia by the administrative policies of the state and county school boards. We need go no further than to hold the county superintendent and school board to the notions of fair play and due process which they have chosen to accord employees under their own regulations.

There is no basis whatsoever, considering Regulation 5300 and the Ritchie County Grievance Procedure, to deny Powell access to the county board's grievance procedure; he is entitled to be told the reason why his probationary teacher's contract was not renewed.

*Writ awarded.*