388 S.E.2d 851

**Ronald K. SMITH and Sharon D. Smith, Elaine Mauck and Jesse Mauck, Jr. and Willis and Karen Smallwood**

v.

**Donald L. BAYER, Fred L. Blair, Robert S. Butler, Bill Cauffman, Bruce Dehaven, G. Ronald Dunham, Fred D. Gantt, Paul Gregory, Hugh B. Newbraugh, Michael W. Orr, Paul E. Payne, Jr. and Donald Sperow, as members of an unincorporated association known as the Berkeley County Planning Commission.**

No. 18684.

Supreme Court of Appeals of West Virginia.

Dec. 21, 1989.

Rehearing Denied Feb. 8, 1990.

William H. Martin, Charles Town, for Ronald K. Smith.

Janet Scalia, Martinsburg, for Donald L. Bayer, et al.

WORKMAN, Justice:

This case is before the Court upon an appeal of Ronald K. Smith, Sharon D. Smith, Elaine Mauck, Jesse Mauck, Jr., Willis Smallwood and Karen Smallwood from a November 6, 1987, order of the Circuit Court of Berkeley County dismissing appellants' petition for a writ of mandamus which requested the lower court to require the Berkeley County Planning Commission (hereinafter called Planning Commission) to rescind a permit previously issued for the operation of a salvage yard. The lower court, after conducting a hearing with respect to the court's jurisdiction in mandamus, concluded that mandamus did not attach and dismissed the appellants' petition without reaching the merits. The appellants' contend that the lower court erred: (1) in refusing appellants' counsel leave to vouch the record in order to have a proper evidentiary basis upon which to rely for any necessary appellate action; (2) in deciding it had no jurisdiction in the matter since a "necessary party", the Department of Highways, was not made a party to the mandamus proceeding and, because appellants had other remedies open to them equal to and as convenient as mandamus in this matter; and, (3) in concluding that, even if statutory law had not been applied by the Planning Commission to the detri-

ment of appellants in its granting of a salvage permit, mandamus did not lie as a proper remedy for the appellants since only certiorari is available as an extraordinary remedy in this instance. We find that the lower court erred in concluding that a mandamus action does not lie and therefore reverse the decision of the lower court.

The appellants own and reside on residential property which adjoins a salvage yard owned and operated by William E. Dawson d/b/a Dawson Salvage Yard (hereinafter called Dawson). Dawson applied to the Planning Commission on April 20, 1987 for a permit to operate the salvage yard. Dawson was also going to construct a building in connection with the salvage yard so public notice of his intent to build was given according to W.Va.Code § 8–24–18 (1969) and the Planning Commission regulations. That public legal notice was given on May 1, 1987, when it appeared in the Martinsburg Evening Journal.[1] The appellants contend that they were unaware that the property adjoining them was to become a salvage yard until August 21, 1987, thirty-six days *after* the site gained its permit, when a commercial sign was erected designating the adjoining premises as a salvage yard.

Although no public notice was given of Dawson's application for the salvage yard, or the subsequent ministerial approval of the application, issuance of the permit occurred on July 17, 1987.

Approximately one month after the permit was issued, the appellants raised an objection to the issuance of the salvage yard permit in a letter written by Elaine Mauck to the Planning Commission. The Planning Commission responded to Mauck's inquiry via a letter written on September 1, 1987, in which Mauck was informed that there was nothing improper with the issuance of Dawson's permit. Subsequently, on September 7, 1987, appellants requested that the Planning Commission revoke the salvage permit. The request for review was turned down.

On October 5, 1987, the appellants, through their attorney, presented a petition for appeal to the Planning Commission seeking a revocation of the salvage yard permit. The petition was answered by a letter from Paul Gregory, Sr., President of the Planning Commission dated October 14, 1987, advising the appellants that the Planning Commission could find no grounds for revoking Dawson's salvage permit. Again, no hearing was granted based upon appellants' petition.

Then, the appellants instituted a civil action against Dawson for monetary damages and injunctive relief to halt operation of the salvage yard on October 7, 1987. That case is still pending before the Circuit Court of Berkeley County. The appellants also filed the petition for writ of mandamus on October 23, 1987, which was dismissed by the lower court and from which appellants base the present appeal.

The issue in this case is whether a mandamus action was properly brought before the lower court to compel the Planning Commission to give appellants notice and an opportunity to be heard prior to the granting of the salvage yard permit which is at issue in this case. This Court has previously held on many occasions that mandamus will lie only when the following three elements coexist: "(1) a clear legal right in the petitioner to the relief sought;

1. The public hearing notice appeared as follows:
In accordance with Chapter 8, Article 24, Code of W.Va.1931, as amended, the Berkeley County Planning Commission will hold a PUBLIC HEARING to consider public comments on the following plats. COMMERCIAL IMPROVEMENT LOCATION PERMIT—the construction of a 48' × 50' block building to be used in conjunction with a proposed salvage yard located on Route 45/1 (Rocky Marsh Road) in the Opequon Tax District. William P. Dawson, applicant. File # 17–87

. . . .
The PUBLIC HEARING will be held on June 1, 1987 in the Planning Commission Office, 212 South College Street in the City of Martinsburg, at 7:30 p.m. All persons and agencies having an interest in said plats are invited to attend this hearing and make their comments known. The files for these projects may be reviewed in the Office of the Planning Commission. Order of the Berkeley County Planning Commission. Paul G. Gregory, Sr.

(2) a legal duty on the part of the respondent to do the thing which petitioner seeks to compel; and (3) the absence of another adequate remedy." Syl. Pt. 2, in part, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969); *see also McGrady v. Callaghan,* 161 W.Va. 180, 244 S.E.2d 793, 797 (1978).

■■■ In applying these factors to the present case, it is evident that there is a clear legal right in the petitioner to the relief sought and a legal duty on the part of the respondent to do that which petitioner seeks to compel.[2] These rights and duties are unquestionable as they exist in the "Design Standards for Salvage Yards" which was the regulation adopted by the Planning Commission on June 4, 1984, and approved by the Berkeley County Commission (hereinafter called County Commission) pursuant to W.Va.Code § 17–23–4 (1984)[3] on August 21, 1984.

According to the ordinance in effect at the time, salvage yard proposals were to be reviewed in a series of stages: (1) application conference—by staff; (2) community impact evaluation—by the planning commission and (3) final public hearing—by the planning commission. Berkeley County, W.Va., Salvage Yard Ordinance § 1203.1 (effective August 21, 1984). Following the application conference, Salvage Yard Ordinance § 1203.1(d) specifically states:

> The Planning Commission [shall] place[ ] a Legal notice in a newspaper having general circulation within the affected area no less than 30 days prior to the meeting, advising the public of the Community Impact Evaluation before the Planning Commission. The applicant shall place effective signing provided by the Planning Commission in full view and unobscured on the proposed site that is visable [sic] and readable to the general public and within 25 feet of a public road.

Upon review of the record in this case, it is evident that the above-mentioned notice was not given either through legal publication or by placing the appropriate signs on the proposed site.

Further, if following the review of the Community Impact Evaluation by the Planning Commission, the application for a salvage yard is approved, then Salvage Yard Ordinance § 1203.1(h) provides that

> The Planning Commission shall place a notice of public hearing in a newspaper having general circulation within the affected area no less than 30 days prior to the hearing.
>
> The applicant shall post a sign on the proposed site. Said sign shall be in full view and unobscured, it shall also be readable to the general public and within 25 feet of a public road. Said sign will be provided by the Planning Commission.

While the appellants do not dispute the fact that a legal notice did appear in the Martinsburg newspaper on May 1, 1987, it is obvious that the notice was geared to-

**2.** While the lower court found that the Department of Highways was a "necessary party" to the mandamus action, W.Va.Code § 17–23–4 (1984) provides, in pertinent part, that

[a]ny owner or operator establishing ... a salvage yard for which a license is required under the provisions of this article is hereby required to first obtain an approval permit from the county planning commission.... The county planning commission or designated agency or office shall promulgate such reasonable rules and regulations including, but not limited to, determining the effect of the proposed salvage yard on residential, business or commercial property investment and values, and the social, economic and environmental impact on community growth and development in utilities, health, education, recreation, safety, welfare and convenience, if any, before issuing such approval permit.... Upon the granting of an approval permit by the county planning commission, the owner or operator shall then apply to the commissioner for a license to operate. The commissioner may issue a license to the applicant, but only after an approval permit has issued in the first instance and the location of the salvage yard is in compliance with the location requirements of this section.

The appellants are contesting the issuance of the approval permit, which according to the statute and the record, is left in the sole control of the planning commission. If the approval permit is issued improperly, then the matter never reaches the Department of Highways. Therefore, the Department of Highways is not a "necessary party" to the mandamus action.

**3.** West Virginia Code § 17–23–4 was amended by the Legislature in 1988. The amendment effectively rewrote the section.

ward the issuance of a building permit and not a salvage yard. Moreover, no sign was posted on the proposed site. This Court has previously held that " '[a]n administrative body must abide by the remedies and procedures it properly establishes to conduct its affairs.' Syl. pt. 1, *Trimboli v. Board of Educ.* [163 W.Va. 1], 254 S.E.2d 561 (1979); Syl. pt. 1, *Powell v. Brown,* [160 W.Va. 723], 238 S.E.2d 220 (1977)." Syl. Pt. 1, *State ex rel. Wilson v. Truby,* 167 W.Va. 179, 281 S.E.2d 231 (1981).

The Planning Commission failed to carry out its clear legal duty to make sure the applicant for the salvage yard permit followed the notice requirements established by the Planning Commission. Further, the applicants, being adjoining land owners to the proposed salvage yard had a right to have those notice requirements followed.

In addressing whether the applicants had another viable remedy, the appellees contend that the appellants failed to follow the statutory requirements for review found in W.Va.Code § 8–24–38 (1969). This statute indicates that "[a] decision of a commission *may* be reviewed by certiorari procedure ... [and] [s]uch petition must be filed in the circuit court of the county in which the affected land or the major portion thereof is located within thirty days after the date of such decision." *Id.* (emphasis added). The appellees argue that since an administrative remedy was provided and appellants simply failed to follow and exhaust the statutory remedy, they are now precluded from utilizing mandamus procedures. *See,* Syl. Pt. 1, *Cowie v. Roberts,* 173 W.Va. 64, 312 S.E.2d 35, 36 (1984).

The fatal weakness in the appellee's argument is that as a result of the Planning Commission's failure to follow their own notice requirements, the appellants failed to receive any notice of the fact that the adjoining property was to become a salvage yard until thirty-six days after the Planning Commission issued their final decision, i.e. issuing the permit. The only notice the appellants received was in the form of a commercial sign designating the premises as a salvage yard. Consequently, the appellants were barred by the time limitations of the statute itself from filing a writ of certiorari. Furthermore, in interpreting the statutory provision in W.Va. Code § 8–24–38, it clearly states a decision *may* (not must or shall) be reviewed by certiorari. Therefore, certiorari was not necessarily meant to be the exclusive remedy.

Thus, this is not a case like *McGrady* where the appellants chose not to follow statutory procedures providing for an appeal of the Planning Commission decision. 161 W.Va. at 187, 244 S.E.2d at 797. This case, however, is analogous to *State ex rel. Gibson v. Pizzino,* 164 W.Va. 749, 266 S.E.2d 122, 124 (1980) where we held that "[a] writ of mandamus will not lie to compel a county board of education or its school superintendent to comply with a final administrative order of the State Superintendent of Schools until the time for filing of a petition for writ of certiorari in the circuit court has expired."

Applying the *Gibson* principle to the present case, a writ of mandamus will lie to compel the Planning Commission to follow administrative rules and regulations prior to the issuance of a salvage yard permit, where the Planning Commission has failed to give the required notice to the petitioner and the time for filing a writ of certiorari pursuant to W.Va.Code § 8–24–38 has expired. Since a mandamus action is proper, the circuit court should have conducted a hearing allowing appellants to produce evidence that appellees did not comply with mandatory legal procedures and Berkeley County Planning Commission regulations regarding the issuance of the disputed salvage yard permit.

Based upon the foregoing opinion, the decision of the Circuit Court of Berkeley County is hereby reversed and remanded for hearing.

Reversed and remanded.