437 S.E.2d 591

**Drema MILLER, Dennis Miller, Sheryl Bothwell, Charles Hensley, Sharon Griffith, Beverly Milam, Garry Bowman, Lillian Kay Thurmond, Cynthia Spratt, Elizabeth Snodgrass, Arthur Barker, Jr., Carl Ellis and Linda Bailey, Plaintiffs Below, Appellees,**

v.

**BOARD OF EDUCATION OF the COUNTY OF BOONE, Defendant Below, Appellant.**

No. 21665.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 1993.

Decided Nov. 1, 1993.

Timothy R. Conaway, Madison, for appellant.

John Everett Roush, West Virginia School Service Personnel Ass'n, Charleston, for appellees.

McHUGH, Justice:

This case is before the Court upon the appeal of the Board of Education of Boone County from the October 9, 1992 order of the Circuit Court of Boone County. The circuit court's order reversed the March 5, 1991 decision of the West Virginia Education and State Employees Grievance Board when ruling in favor of the appellees by finding that W.Va.Code, 18A–2–8a [1977] requires that a hearing be held on or before the first Monday in May when not rehiring probationary employees.[1] The appellees, who were former bus drivers for the Board of Education of Boone County, are Drema Miller, Dennis Miller, Sheryl Bothwell, Charles Hensley, Sharon Griffith, Beverly Milam, Garry Bowman, Lillian Kay Thurmond, Cynthia Spratt, Elizabeth Snodgrass, Arthur Barker, Jr., Carl Ellis, and Linda Bailey. For reasons set forth below we reverse the circuit court's order.

I

The appellees had been hired by the Board of Education of Boone County as probationary employees for the 1989–1990 school year. The appellees each received a letter dated March 19, 1990, from the superintendent of Boone County public schools. The March 19, 1990 letters stated that on March 16, 1990, the superintendent had recommended at a board of education meeting that the bus drivers not be rehired for the following school year. The superintendent explained in the March 19, 1990 letters that "[s]chool closings, school consolidations, and the reorganization of the Boone County School System, have brought about a county-wide reduction in force through position eliminations in your area of classification."

1. The circuit court entered another order dated February 8, 1993, to correct the October 9, 1992 order since it failed to mention the word "May" when stating that W.Va.Code, 18A–2–8a [1977] requires a hearing before the first Monday in May.

However, the March 19, 1990 letters were written before the March 16, 1990 board of education meeting, and due to the teacher's strike, the board of education was unable to address the status of probationary employees at the March 16, 1990 meeting. On April 3, 1990, the board of education met and addressed the rehiring of school personnel; however, the minutes of that meeting do not indicate that the appellees were discussed. The board of education did discuss other personnel whose contracts would not be renewed.

The superintendent sent a letter to each of the appellees dated May 3, 1990, which stated that the board of education would meet on May 15, 1990, "to provide you a hearing regarding your proposed termination of employment contract...." The hearing was held on May 16, 1990. The superintendent sent a letter to each of the bus drivers dated May 17, 1990, which stated that at their May 16, 1990 meeting the board of education approved his recommendation that the bus drivers not be rehired.

The appellees filed a grievance with the West Virginia Education and State Employees Grievance Board pursuant to *W.Va.Code,* 18–29–1, *et seq.* alleging that they were terminated by board action on May 16, 1990, thus violating the time requirement in *W.Va. Code,* 18A–2–8a [1977]. The grievance was denied at levels I and II. The parties waived level III.

At level IV the hearing examiner denied the grievance on March 5, 1991, by finding that although *W.Va.Code,* 18A–2–8a [1977] requires the board to take action before the first Monday in May when hiring probation-

ary employees, *W.Va.Code,* 18A–2–8a [1977] does not require board action when employees are not rehired since probationary employees do not have continuing contracts of employment. The hearing examiner also found that the March 19, 1990 letter fulfilled the notification requirement of the statute.[2]

The Circuit Court of Boone County reversed the level IV decision by an order dated October 9, 1992, in which it held that *W.Va.Code,* 18A–2–8a "requires that a hearing be held on or before the first Monday [in May] ... to approve the rehiring of all probationary school personnel." The appellant appeals the October 9, 1992 order.

II

We first address the appellant's contention that the circuit court erred in finding that *W.Va.Code,* 18A–2–8a [1977] requires that a hearing be held on or before the first Monday in May to approve the rehiring of all probationary school personnel. Although we agree with the appellant's contention, we point out that the posture of the case below was whether or not the board of education had to take some affirmative action other than notice before the first Monday in May when not rehiring a probationary employee.[3] The appellees contend that the affirmative action required is a vote or indication in the minutes of the board of education meeting that a probationary employee is not being rehired. For reasons set forth below, we do not think that the board of education needs to do anything more than follow the notice requirements of *W.Va.Code,* 18A–2–8a [1977]

---

2. The hearing examiner noted in her March 5, 1991 order that although the issue of whether the March 19, 1990 letter fulfilled the notification requirement of *W.Va.Code,* 18A–2–8a [1977] was discussed, the appellees' counsel "reiterated that the only issue in these cases is whether the Board of Education should have taken affirmative action regarding Grievants' employment before the first Monday in May." However, the hearing examiner did address the notification issue so we will as well.

3. The issue was reframed or not succinctly stated in the circuit court's order when the circuit court found that *"West Virginia Code § 18A–2–8a re-quires that a hearing be held on or before the

first Monday [in May] of the previous school year to approve the rehiring of all probationary school personnel."* The hearing examiner at level IV took the proper perspective when she stated that the grievants, the appellees, were contending that the board of education "violated *W.Va.Code* § 18A–2–8a by not voting not to retain them at a meeting prior to the first Monday in May and because no such action was taken, [the board of education] also violated the provision by failing to notify them of that action within 10 days of such meeting." (footnotes omitted). Therefore, we are addressing the issue from the hearing examiner's perspective.

when a probationary employee is not being rehired.

*W.Va.Code,* 18A–2–8a [1977] states:

The superintendent at a meeting of the board on or before the first Monday in May of each year shall provide in writing to the board a list of all probationary teachers that he recommends to be rehired for the next ensuing school year. The board shall act upon the superintendent's recommendations at that meeting in accordance with section one [§ 18A–2–1] of this article. The board at this same meeting shall also act upon the retention of other probationary employees as provided in sections four and five [§§ 18A–2–4, repealed and 18A–2–5] of this article. Any such probationary teacher or other probationary employee who is not rehired by the board at that meeting shall be notified in writing, by certified mail, return receipt requested, to such persons' last known addresses within ten days following said board meeting, of their not having been rehired or not having been recommended for rehiring.

Any probationary teacher who receives notice that he has not been recommended for rehiring or other probationary employee who has not been reemployed may within ten days after receiving the written notice request a statement of the reasons for not having been rehired and may request a hearing before the board. Such hearing shall be held at the next regularly scheduled board of education meeting or a special meeting of the board called within thirty days of the request for hearing. At the hearing, the reasons for the nonrehiring must be shown.

The appellees contend that the above statute requires the board of education to take some affirmative action before the first Monday in May when not rehiring a probationary employee.

However, the statute plainly states, in pertinent part, that "[t]he superintendent at a meeting of the board on or before the first Monday in May ... shall provide in writing to the board a list of all probationary teachers that he recommends to be *rehired* for the next ensuing school year." *W.Va.Code,* 18A–2–8a [1977] (emphasis added). There is no

mention of a hearing being held before the first Monday in May nor is there any mention of the superintendent having to provide a list of those probationary employees who are not being rehired. There is also no mention of the board of education having to take some action to not rehire probationary employees. The only mention of probationary employees who are not being rehired is that they are to be provided notice of the nonrenewal of their contract, and if requested, a statement of the reasons for the nonrenewal of the contract and a hearing.

██ Furthermore, in syllabus point 2 of *Bonnell v. Carr,* 170 W.Va. 493, 294 S.E.2d 910 (1982) this Court stated:

Under W.Va.Code, 18A–2–8a (1977), the local board of education is required to receive from the county superintendent a list of all probationary employees who are to be considered for rehiring on or before the first Monday in May. Those probationary personnel who are not rehired must be sent notices. Consequently, the board will have actual notice of who is proposed to be rehired and must take affirmative steps to approve rehiring.

In *Bonnell* we recognized that an affirmative step must be taken when rehiring probationary employees, but no mention was made of probationary employees who were not being rehired because *W.Va.Code,* 18A–2–8a [1977] does not require an affirmative action in that instance. Not only is *W.Va.Code,* 18A–2–8a [1977] clear that no affirmative action is required when not rehiring a probationary employee, but that is the only interpretation which makes sense because a probationary employee's contract is for one year and the contract automatically expires if it is not renewed without any affirmative action by the board of education. This Court has stated that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951).

██ However, in syllabus point 2 of *Powell v. Brown,* 160 W.Va. 723, 238 S.E.2d 220 (1977) we recognized that a

[f]ailure to renew a probationary teacher's employment contract is an administrative act that entitles the teacher to a grievance procedure hearing, where such procedure has been adopted by the employer board of education and made applicable to all school employees. The fact that the procedure may be generous beyond statutory or constitutional requirements does not preclude the teacher from availing himself of the rights provided by the procedure.

We pointed out in *Powell* that a nontenured teacher usually does not have a property interest in his job which is protected by the Fourteenth Amendment of the Constitution of the United States. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). However, as we noted in syllabus point 2 of *Powell,* if the school board does provide a grievance procedure, it must follow it even if the procedure goes beyond what is mandated by the constitution.

■ In the case before us, we will not attempt to erode the rights of the grievant which we established in *Powell, supra.* Therefore, the appellant in the case before us must follow the notice requirements of *W.Va. Code,* 18A–2–8a [1977]. Furthermore, we have stated in syllabus point 1 of *Morgan v. Pizzino,* 163 W.Va. 454, 256 S.E.2d 592 (1979) that "[s]chool personnel regulations and laws are to be strictly construed in favor of the employee." This case does not lessen the above standard. However, our decision to strictly construe school personnel regulations and laws in favor of the employee does not mean that we will ignore the plain meaning or purpose of the statutes or regulations and rule in favor of the employee in all cases. Our role is to fairly interpret and apply the laws and regulations.

Therefore, when determining whether or not the appellees were properly notified of the nonrenewal of their contracts and given an opportunity to request a statement of reasons and a hearing, it is important to remember the purpose of the notification requirement. In *State ex rel. Hawks v. Laza-*

ro, 157 W.Va. 417, 440, 202 S.E.2d 109, 124 (1974), we noted that "[n]otice contemplates meaningful notice which affords an opportunity to prepare a defense and to be heard upon the merits." Clearly, the legislature wanted probationary employees whose contracts were not being renewed to be timely notified so that the employees have an opportunity to respond in order to ensure that the nonrenewal was not occurring for unfair reasons.

In the case before us the appellees were notified by letters dated March 19, 1990 that their contracts were not being renewed. However, the board of education did not discuss the renewal of probationary employee contracts until April 3, 1990, due to the teacher's strike.

■ *W.Va.Code,* 18A–2–8a [1977] states, in pertinent part, that "[a]ny such probationary teacher or other probationary employee who is not rehired by the board at that meeting shall be notified in writing ... within ten days following said board meeting, [the board meeting held before the first Monday in May where the probationary employees are rehired] of their not having been rehired or not having been recommended for rehiring." Therefore, according to the statute, the appellees should have been notified within ten days of the April 3, 1990 meeting. However, the appellees were notified before the April 3, 1990 meeting.

■ In the case before us there is no indication that the appellees were harmed by the earlier notice since the notice they received did afford them an opportunity "to prepare a defense and to be heard upon the merits." *State ex rel. Hawks,* 157 W.Va. at 440, 202 S.E.2d at 124. This is especially true since the board is not required to have a hearing before the first Monday in May, but is required, at the latest, to have a hearing within thirty days of the request for the hearing. In the case before us the hearing examiner noted that the appellees did not ever request a hearing.[4] As we pointed out in syllabus point 2 of *Robertson v. Truby,* 170

---

4. The hearing examiner noted the following in footnote 5 of her decision. "Grievants [the appellees] did not request a hearing. [The board of education's] counsel at Level IV explained that [the board of education] schedules such hearings even if not requested."

W.Va. 62, 289 S.E.2d 736 (1982), " '[a]n error which is not prejudicial to the complaining party is harmless and does not require reversal of the final judgment.' Syllabus Point 4, *Burns v. Goff,* 164 W.Va. 301, 262 S.E.2d 772 (1980)."

 Accordingly, we hold that *W.Va.Code,* 18A–2–8a [1977] does not require the board of education or superintendent to take some affirmative action before the first Monday in May when not rehiring probationary employees.

### III

We next address the appellant's contention that the circuit court erred in finding that the findings of fact of the administrative law judge are clearly wrong. We examined the record and could find no material difference between the findings of fact. Therefore, we hold that the findings of fact of the circuit court do not materially differ from the administrative law judge's findings of fact.

### IV

Based on the foregoing, the October 9, 1992 order of the Circuit Court of Boone County is reversed.

Reversed.