# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Connie Elaine Mayle,**
**Petitioner Below, Petitioner**

**vs)  No. 17-0204** (Kanawha County 16-AA-85)

**Barbour County Board of Education,**
**Respondent Below, Respondent**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Connie Elaine Mayle, by counsel John Everett Roush, appeals the Circuit Court of Kanawha County's January 31, 2017, order affirming the West Virginia Public Employees Grievance Board's denial of her grievance. Respondent Barbour County Board of Education, by counsel Howard E. Seufer Jr. and Joshua A. Cottle, filed a response. On appeal, petitioner argues that the circuit court erred in determining that her lack of certification as an Early Childhood Classroom Assistant Teacher ("ECCAT") permitted the employment of a less-senior aide with ECCAT certification for an ECCAT position.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed by respondent as a special education aide during the 2014-2015 school year. Due to a lack of need, however, petitioner's employment was terminated at the end of the 2014-2015 year. Petitioner's name was thereafter placed on the preferred recall list.

From July 14, 2015, to July 21, 2015, respondent posted a notice of vacancy for the position of Early Childhood Classroom Assistant Teacher/Kindergarten Aide/Supervisory Aide/Transportation Aide. Respondent did not notify petitioner of this vacancy, and she did not apply. Nonetheless, due to petitioner's placement on the preferred recall list, she was considered for the position along with four other people. On July 27, 2015, respondent appointed Sherry Jones to fill the posted vacancy. At the time the appointment was made, petitioner did not hold an ECCAT certification, but Ms. Jones did.

On August 4, 2015, petitioner filed a Level One grievance alleging a violation of West Virginia Code § 18A-4-8b(p), which requires that respondent notify anyone on the preferred recall list of position openings. Following an evidentiary hearing, petitioner's grievance was denied on the basis that any error in failing to notify her of the position opening was harmless

1

because, even assuming notification had been provided, Ms. Jones would still have been appointed due to her superior qualifications.

Petitioner thereafter appealed to Level Two of the grievance procedure. Following an unsuccessful mediation at Level Two, petitioner received an "Order of Unsuccessful Mediation," then appealed to Level Three.[1] By order entered on August 26, 2016, petitioner's grievance was again denied on the basis that respondent's failure to notify her of the vacancy was moot in light of the fact that respondent would have nonetheless appointed Ms. Jones to the position.

Petitioner appealed the Level Three denial to circuit court alleging several grounds as error. Of relevance to the instant appeal, petitioner alleged as error the finding that her lack of ECCAT certification permitted employment of a less-senior aide. On January 31, 2017, the circuit court entered its "Final Order" finding that "the Administrative Law Judge correctly held that the [p]etitioner was not qualified for the Aide/ECCAT vacancy [and] [p]etitioner's seniority as an [a]ide did not count as seniority as an ECCAT[.]" Accordingly, the circuit court affirmed the Level Three decision. It is from this order that petitioner appeals.

We have previously held that, "[w]hen reviewing the appeal of a public employees' grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge." Syl. Pt. 1, *Martin v. Barbour Cty. Bd. of Educ.*, 228 W.Va. 238, 719 S.E.2d 406 (2011). A reviewing circuit court may set aside a decision "where it is 'arbitrary, capricious, an abuse of discretion, or contrary to law.'" *Id.* at 240, 719 S.E.2d at 408. Further,

> [g]rievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

*Id.* at 239, 719 S.E.2d at 407, Syl. Pt. 2 (citation and internal quotations omitted). Finally, "[a] final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W.Va. Code, [6C-2-1], *et seq.* [ ], and based upon findings of fact, should not

---

[1]The procedure applicable to these proceedings requires an employee to first file a grievance. W.Va. Code § 6C-2-4(a)(1). Following the filing of the grievance, a Level One hearing is held. *Id.* at § 6C-2-4(a)(3). An adverse decision at Level One may be appealed to Level Two, which requires a grievant to "file a written request for mediation, private mediation or private arbitration." *Id.* at § 6C-2-4(b)(1). Finally, after receiving "a written report stating that [L]evel [T]wo was unsuccessful," a grievant may request a Level Three hearing. *Id.* at § 6C-2-4(c)(1).

2

be reversed unless clearly wrong." *Martin*, 228 W.Va. at 239, 719 S.E.2d at 407, Syl. Pt. 3 (internal quotations and citation omitted).

On appeal, petitioner contends that the circuit court erred in holding that her lack of an ECCAT certificate permitted respondent to appoint a less-senior aide, who held ECCAT certification, to the position at issue. Petitioner cites West Virginia Code § 18A-4-8b(d)(2) for the proposition that all ECCAT classification titles have been placed into the aide classification category. This statute provides that "[p]araprofessional, autism mentor, early classroom assistant teacher and braille or sign support specialist class titles are included in the same classification category as aides[.]" Petitioner contends that, as a result, employees holding any classification within the aide classification category are qualified for ECCAT positions, that all employees within the aide classification category are to be given first priority in filling ECCAT positions, and that no specific ECCAT seniority accrues; rather, "[s]ervice in ECCAT positions results in the accrual of 'aide' seniority." Consequently, because petitioner had more aide seniority than Ms. Jones, she maintains that she was qualified for the position at issue and should have been appointed to it.

Upon review of the record before this Court, we do not find that the circuit court was clearly wrong in discounting petitioner's arguments concerning the effects of West Virginia Code § 18A-4-8b(d)(2). County school boards, in filling school personnel vacancies, must make decisions "on the basis of seniority, qualifications and evaluation of past service." W.Va. Code § 18A-4-8b(a).

> Qualifications means the applicant holds a classification title in his or her category of employment as provided in this section and is given first opportunity for promotion and filling vacancies. Other employees then shall be considered and shall qualify by meeting the definition of the job title that relates to the promotion or vacancy, as defined in section eight of this article.

*Id.* at § 18A-4-8b(b). Classification titles are listed and defined in West Virginia Code § 18A-4-8. There are four classifications for aides: Aide I, Aide II, Aide III, and Aide IV. The numeral distinctions denote different levels of education or training received. ECCAT positions are also divided into separate categories based upon education and training obtained: "'[ECCAT] I' means a person who does not possess minimum requirements for the permanent authorization requirements, but is enrolled in and pursuing requirements[.]" *Id.* at § 18A-4-8(i)(36). "'[ECCAT] II' means a person who has completed the minimum requirements for a state-awarded certificate for [ECCAT] as determined by the State Board[.]" *Id.* at § 18A-4-8(i)(37). Finally, "'[ECCAT] III' means a person who has completed permanent authorization requirements, as well as additional requirements comparable to current paraprofessional certificate[.]" *Id.* at § 18A-4-8(i)(38). In short, West Virginia Code § 18A-4-8 defines "aides" and "ECCATs" differently and establishes separate qualifications for the positions. Petitioner concedes that she did not have ECCAT certification or meet the definition of an ECCAT at the time the vacancy was posted. Accordingly, because petitioner did not hold an ECCAT classification title, we find that the circuit court was not clearly wrong in determining that petitioner was simply not qualified for the posted position.

3

We also find that the circuit court was not clearly wrong in concluding that ECCAT seniority accrues independently of aide seniority. West Virginia Code § 18A-4-8g, titled "[d]etermination of seniority for service personnel," sets forth that "[f]or all purposes including the filling of vacancies and reduction in force, seniority shall be accumulated within particular classification categories of employment as those classification categories are referred to in [West Virginia Code § 18A-4-8e]." West Virginia Code § 18A-4-8e does not place aides and ECCATs into the same classification category.[2] To the contrary, the statute provides that "[e]ach classification title defined and listed is considered a separate classification category of employment[.]" As set forth above, aides and ECCATs are defined separately. Accordingly, we find that the circuit court's conclusion that "the Board was not permitted to count [p]etitioner's [a]ide seniority as ECCAT seniority" was not clearly wrong.

Finally, because the conclusions that petitioner was not qualified for the position and did not hold seniority over Ms. Jones in the ECCAT classification title were not clearly wrong, we similarly find no error in the conclusion that respondent "committed harmless error in not notifying . . . [p]etitioner of the vacancy." *See Miller v. Bd. of Educ. of Boone Cty.*, 190 W.Va. 153, 159, 437 S.E.2d 591, 597 (1993) ("[A]n error which is not prejudicial to the complaining party is harmless and does not require reversal of the final judgment.")(internal quotations and citation omitted).

For the foregoing reasons, we affirm the circuit court's January 31, 2017, order denying her grievance.

Affirmed.

---

[2]West Virginia Code § 18A-4-8e provides that

[t]he state board shall develop and make available competency tests for all of the classification titles defined in section eight of this article and listed in section eight-a of this article for service personnel. The board shall review and, if needed, update the competency tests at least every five years. Each classification title defined and listed is considered a separate classification category of employment for service personnel and has a separate competency test, except for those class titles having Roman numeral designations, which are considered a single classification of employment and have a single competency test.

    (1) The cafeteria manager class title is included in the same classification category as cooks and has the same competency test.

    (2) The executive secretary class title is included in the same classification category as secretaries and has the same competency test.

    (3) The classification titles of chief mechanic, mechanic and assistant mechanic are included in one classification title and have the same competency test.

**ISSUED:**  January 8, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISQUALIFIED:**

Justice Margaret L. Workman

5