# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**September 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Dwayne Yatauro, Sheryl Stevens, Richard Parsons,
Blanche Marie King, Deb Goff, and Randy Harris,
Petitioners Below, Petitioners**

**vs) Nos. 15-0650, 15-0651, 15-0652, 15-0653, 15-0654 and 15-0922**
(Kanawha County 15-AA-49, 15-AA-48, 15-AA-43, 15-AA-41, 15-AA-40 and 15-AA-46)

**The Calhoun County Board of Education,
Respondent Below, Respondent**

**and**

**The Calhoun County Board of Education,
Respondent Below, Petitioner**

**vs) No. 15-0903 (Kanawha County 15-AA-44)**

**Tim Hickman
Petitioner Below, Respondent.**

## MEMORANDUM DECISION

These seven cases originate from the West Virginia Public Employees Grievance Board's ("Grievance Board") denial of the consolidated grievances brought by employees of the Calhoun County Board of Education ("BOE"). In their grievances, the employees challenged the BOE's reduction of the term of their contracts for employment without proper notification and opportunity for a hearing, as required by West Virginia Code §§ 18A-2-6, 18A-4-8(m), and 18A-2-12a(b)(6).

In six of the consolidated appeals before this Court, BOE employees Dwayne Yatauro, Sheryl Stevens, Richard Parsons, Blanche Marie King, Deb Goff, and Randy Harris, by counsel John Everett Roush, appeal the final orders of the Circuit Court of Kanawha County affirming the decision of the Grievance Board that denied their grievances against the BOE. In these six cases, the BOE, by counsel Richard S. Boothby, responds in support of the circuit court's orders.

With regard to the seventh case, filed by BOE employee Tim Hickman, the BOE, by counsel Richard S. Boothby, appeals the final order of the Circuit Court of Kanawha County reversing the Grievance Board's decision. In that case, Respondent Hickman, by counsel John Everett Roush, responds in support of the circuit court's order. Petitioner BOE filed a reply.

This Court has considered the parties' briefs and record on appeal. The facts and legal

1

arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds, as to the Yatauro, Stevens, Parsons, King, Goff, and Harris cases, no substantial question of law and no prejudicial error. As to the Hickman case, we find that the circuit court erred with respect to its reversal of the Grievance Board's decision. For these reasons, a memorandum decision affirming in part and reversing in part the circuit court's orders is appropriate in these cases under Rule 21 of the Rules of Appellate Procedure.

In April of 2014, the assistant state superintendent for the Division of Student Support Services at the West Virginia Board of Education ("State Board of Education") contacted the BOE's business office regarding concerns about the BOE's financial deficit and the need to cut expenses. In late May of 2014, the State Board of Education rejected the budget submitted by the BOE.[1] During the third week of June of 2014, the assistant superintendent of the State Board of Education contacted the BOE's superintendent and advised that the BOE had a serious budget deficit. On June 30, 2014, the BOE received a letter from the superintendent of the State Board of Education advising that the BOE's submitted budget was "insufficient to maintain the proposed education program as well as other financial obligations." Citing West Virginia Code § 18-9B-8, the letter directed the BOE to cut $100,000 from its budget and further directed that the cost reductions be accomplished by reducing the length of employee contracts which exceeded 200 days.

After receiving the June 30, 2014, letter, the BOE called an emergency meeting of its board. Based upon the directive from the superintendent of the State Board of Education, the BOE's superintendent recommended that the board comply with the directed reductions.[2] The BOE voted three to two to accept the superintendent's recommendation and to reduce employee contracts exceeding two hundred days.[3]

---

[1]Each year, county boards of education must submit their proposed school year budgets to the State Board of Education for approval.

[2]From the time he began his job on May 27, 2014, the BOE's superintendent was aware of the BOE's dire financial condition. Prior to agreeing to reduce the terms of the employment of the grievants, the BOE's superintendent left "no stone unturned" in looking at ways in which the BOE could save money, including: eliminating overtime, not filling vacant positions, adjusting bus routes, and postponing the purchase of new school buses.

[3]Petitioner Yatauro's 240-day employment term (for school year 2013-14) was reduced to 230 days (for school year 2014-15). Petitioner Stevens's 240-day employment term was reduced to 210 days. Petitioner Parsons's 240-day employment term was reduced to 230 days. Petitioner King's 230-day employment term was reduced to 205 days. Petitioner Goff's 240-day employment term was reduced to 210 days. Petitioner Harris's 230-day employment term was reduced to 205 days. Respondent Hickman's 230-day employment term was reduced to 205 days.

On July 11, 2014, fourteen of the effected employees filed a consolidated grievance against the BOE seeking restoration of their employment term for the 2014-15, school year and future school years, and compensation for lost wages with interest.[4] The grievants asserted that they were not properly notified of the reduction of employment terms and asserted a violation of West Virginia §§ 18A-2-6, 18A-4-8(m), and 18A-2-12a(b)(6). On September 23, 2014, a level three evidentiary hearing was held before an administrative law judge ("ALJ").[5]

By decision dated March 10, 2015, the ALJ denied the portion of the grievance which challenged the reduction of the days of employment term.[6] Separately, seven of the grievants appealed the Grievance Board's decision to the Circuit Court of Kanawha County. The cases were individually assigned to three different judges. The Grievance Board's decision was affirmed by the circuit court in six of the seven appeals including grievants Dwayne Yatauro, Sheryl Stevens, Richard Parsons, Blanche Marie King, Deb Goff, and Randy Harris.[7] However, the Grievance Board's decision was reversed by the circuit court in the appeal of employee Tim Hickman.[8] It is from the circuit court's orders of May 29, 2015, August 18, 2015, and August 20, 2015, that the parties now appeal.

"When reviewing the appeal of a public employees' grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge." Syl. Pt. 1, *Martin v. Barbour Cnty. Bd. of Educ.*, 228 W.Va. 238, 719 S.E.2d 406 (2011). "A final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W.Va. Code, [6C-2-1], *et seq.* [ ], and based upon findings of fact should not be reversed unless clearly wrong." Syl. Pt. 1, *Randolph Cnty. Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989). We have further held that

> [g]rievance rulings involve a combination of both deferential and plenary

---

[4]The consolidated grievance was styled *Deb Goff, et al v. Calhoun County Board of Education*, Docket No. 2015-0049-CONS and included fourteen grievants. Only seven of those grievants are included in the consolidated appeal presently before this Court.

[5]The employees waived levels one and two of the grievance proceedings.

[6]The BOE also voted to eliminate a $600 annual supplement paid to various school employees (including the employees herein). The elimination of this supplement was part of the grievants' underlying appeal. The supplement was reinstated by the ALJ. The reduction/elimination of the annual supplement is not an issue in the present appeal.

[7]The Grievance Board's denial of Petitioners Yatauro, Stevens, Parsons, King, and Goff's appeals was affirmed by Judge Tod Kaufman on May 29, 2015. The Grievance Board's denial of Petitioner Harris's appeal was affirmed by Judge James Stucky on August 20, 2015.

[8]The Grievance Board's denial of Respondent Hickman's appeal was reversed by Judge Louis Bloom on August 18, 2015.

3

review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

Syl. Pt. 1, *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

In their appeal, Petitioners Yatuaro, Stevens, Parsons, King, Goff, and Harris argue that the circuit court erred in concluding that the BOE could reduce the employment term of a service employee without compliance with the due process notice and hearing requirements found in West Virginia Code §§ 18A-2-6, [9] 18A-4-8(m),[10] and 18A-2-12a(b)(6).[11] In its appeal, regarding grievant Tim Hickman, the BOE asserts five assignments of error which each address the circuit court's error in application of the "clear and unambiguous language" of West Virginia Code § 18-9B-8.

---

[9]West Virginia Code § 18A-2-6 provides, in part, that,

[t]he continuing contract of any such employee shall remain in full force and effect except as modified by mutual consent of the school board and the employee, unless and until terminated with written notice, stating cause or causes, to the employee, by a majority vote of the full membership of the board before March 1 of the then current year, or by written resignation of the employee on or before that date. The affected employee has the right of a hearing before the board, if requested, before final action is taken by the board upon the termination of such employment.

[10]West Virginia Code § 18A-4-8(m) provides that,

[w]ithout his or her written consent, a service person may not be:

(1) Reclassified by class title; or

(2) Relegated to any condition of employment which would result in a reduction of his or her salary, rate of pay, compensation or benefits earned during the current fiscal year; or for which he or she would qualify by continuing in the same job position and classification held during that fiscal year and subsequent years.

[11]West Virginia Code § 18A-2-12a(b)(6) provides, in part, that "[a]ll school personnel are entitled to due process in matters affecting their employment, transfer, demotion or promotion;

4

We begin our analysis with a review of West Virginia Code § 18-9B-8, which provides that

> [i]f the board of finance[12] finds that the proposed budget for a county will not maintain the proposed educational program as well as other financial obligations of their county board of education, it may require that the budget be revised, but in no case shall permit the reduction of the instructional term pursuant to the provisions contained in section fifteen [§ 15-5-15], article five of this chapter nor the employment term below two hundred days. Any required revision in the budget for this purpose may be made in the following order:
>
> (1) Postpone expenditures for permanent improvements and capital outlays except from the permanent improvement fund;
>
> (2) Reduce the amount budgeted for maintenance exclusive of service personnel so as to guarantee the payment of salaries for the employment term; or
>
> (3) Adjust amounts budgeted in any other way so as to assure the required employment term of two hundred days and the required instructional term of one hundred eighty days under the applicable provisions of law.

We have previously held that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dep't*, 195 W.Va. 573, 466 S.E.2d 424 (1995). Circuit Court Judges Kaufman and Stucky, who adopted the ALJ's findings, reasoned that the authority granted to the State Board of Education by the West Virginia Legislature in West Virginia Code §§ 18-9B-1 through -21, is broad and contains no indication that its application is limited to only those situations where notice and hearing opportunities have been provided to aggrieved employees.[13] We agree.

We have previously found that "[t]o ascertain the Legislature's intent, '[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretative question, the language must prevail and further inquiry is foreclosed.'" *Hammons v. W.Va. Office of Ins.*

---

[12]We note that while this statue references the West Virginia Board of Finance, West Virginia Code § 18-9A-17, directs the State Board of Education, through its chief executive officer, to direct and carry out all provisions of article 9B.

[13]This Code provision further directs that a county board of education comply with the instruction of the State Board of School Finance and perform "all duties required of them." *See* West Virginia Code § 18-9B-17. Further, this Code provision directs that "[t]he board of finance may withhold payment of state aid from a county board that fails or refuses to comply with the provisions of this article or the requirements of the state board made in accordance therewith." *See* West Virginia Code § 18-9B-19.

*Comm'r*, 235 W.Va. 577, 584, 775 S.E.2d 458, 465 (2015) (quoting *Appalachian Power Co. v. State Tax Dep't of W.Va.*, 195 W.Va. [573,] at 587, 466 S.E.2d [424,] at 438 [1995]). In the case *sub judice*, there is little doubt that the Legislature intended to confer broad fiscal powers to the State Board of Education under West Virginia Code §§ 18-9B-1 through -21, which is unambiguous. We have long held that "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. Pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968). Accordingly, we agree with the ALJ's conclusion that the Legislature did not intend to limit the State Board of Education's authority under West Virginia Code §§ 18-9B-1 through -21. There is no provision in this statutory provision which limits the State Board of Education's authority to act only in situations where the appropriate notice and hearing requirements for BOE employees are satisfied under other statutory provisions (such as West Virginia Code § 18A-2-6).

Here, the State Board of Education ordered the BOE to reduce employee contract terms in order to satisfy its budget insufficiency.[14] Under the authority of West Virginia Code §§ 18-9B-1 through -21, the State Board of Education had the ability to require the BOE to revise its proposed budget to reduce salary costs by reducing the number of extended employment days beyond the minimum employment terms of 200 days for the 2014-15 school year.[15] As such we find no error with the ALJ's decision.

---

[14]We note that our examination of the record reveals that prior to reducing the employment contracts of the effected employees, the BOE implemented other budget cuts similar to those described in sections and one of two of West Virginia Code § 18-9B-8.

[15]We further reject the employees' arguments that the circuit court erred by finding that West Virginia Code § 18-9B-8 must be read *in pari materia* with West Virginia Code § 18A-2-6. *See Smith v. Siders*, 155 W.Va. 193, 183 S.E.2d 433 (1971). The employees argue that when reading these two code section together, it is clear that West Virginia Code § 18-9B-8 discusses what may be done to reduce expenditures and West Virginia Code § 18A-2-6, is the method for making the reduction. Conversely, the BOE argues, and we agree, that under limited facts and circumstances of these consolidated cases, the doctrine of *in pari materia* is not applicable as the statutes do not have a common purpose or relate to the same subject.

We also note that the *Summers County Educ. Assoc. v. Summers County Bd. of Educ.*, 179 W.Va. 107, 365 S.E.2d 387 (1987), cited by the employees' in support of their appeal is distinguishable from the case *sub judice*. In *Summers*, this Court reasoned that West Virginia Code § 18-9B-8 protects school personnel in a situation where a county BOE was considering reducing the number of work days in order to save money. However, we note, that West Virginia Code § 18-9B-8 was revised (in 1991– after *Summers*) and that those revisions (which take the focus of West Virginia Code § 18-9B-8 to the educational program and instruction term as opposed to the employment term of the school employee) render *Summers* inapplicable to the unique facts and circumstances of the instant case.

6

For the foregoing reasons, we find no error in the circuit court's May 29, 2015, and August 20, 2015, orders affirming the decision of the grievance board in the Yatauro, Stevens, Parsons, King, Goff, and Harris cases and hereby affirm the same.

Based on our reasoning above, we further find that the circuit court, in its August 18, 2015, order reversing the decision of the grievance board in the Hickman case, was clearly wrong. According, we reverse the circuit court's August 18, 2015, order.

Affirmed in part, reversed in part.

**ISSUED:  September 16, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

**DISQUALIFIED:**

Justice Margaret L. Workman